SIGNATURE: _____ADDRESS: _____
DATE: _____

Ronald A. GITZ

v.

ST. TAMMANY PARISH
HOSPITAL, et al.

Civ. A. No. 88–4261.

United States District Court,
E.D. Louisiana.

March 31, 1989.

Thomas W. Mull, Covington, La., for plaintiff.

Charles H. Hollis, Kullman, Inman, Bee & Downing, New Orleans, La., for defendants.

### ORDER AND REASONS

MENTZ, District Judge.

This matter comes before the Court on the motion of defendant, St. Tammany Parish Hospital, to dismiss for failure to be served timely under Fed.R.Civ.P. 4(j). The Court, after reviewing the motion, the memoranda of counsel, the record, and the law, hereby grants defendant's motion for the reasons set forth below.

Plaintiff, Ronald Gitz, is a former employee of St. Tammany Parish Hospital. His employment with the hospital was terminated in September, 1987. On September 26, 1988, plaintiff filed this action alleging that his termination violated his rights under various federal statutes. Defendant, St. Tammany Parish Hospital, has not been served with this complaint.

Federal Rule of Civil Procedure 4(j) specifies the time limit for effecting service of the summons and complaint in federal court. It provides, in pertinent part:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. . . .

Thus, the burden is upon the plaintiff to show good cause for his failure to timely serve St. Tammany Parish Hospital. Plaintiff states that service upon the hospital was withheld so that additional information could be gathered prior to activating the lawsuit. Counsel for plaintiff was retained on the eve of the prescriptive period and suit was filed immediately thereafter, without an opportunity for plaintiff's counsel to investigate the merits of the claim. Plaintiff argues that if the investigation reveals evidence to substantiate the allegations in his complaint, service will be effectuated. However, until that time, the Clerk of Court was under instructions from plaintiff not to serve the complaint.[1] *See* Com-

---

1. The Court is aware that in the Louisiana State Court system, it is not unusual for the plaintiff to file a petition and instruct the Clerk of Court to withhold service on the defendant until fur-

plaint, p. 6. Plaintiff states that when his investigation is complete, he will activate the lawsuit or dismiss it completely. Plaintiff finds relevant the fact that the hospital has known of this lawsuit and plaintiff's investigatory efforts since the inception of the litigation and, hence, has not been prejudiced by the delay. Plaintiff states that location of the witnesses from whom information is sought is difficult because many of them have moved out of state. Plaintiff believes that he should not be punished with dismissal for trying to proceed cautiously in this matter.

Good cause for failure to serve under Fed.R.Civ.P. 4(j) has been defined by the Fifth Circuit as *"at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the party seeking an enlargement *and* some reasonable basis for non-compliance within the time specified' is normally required." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985) (quoting 10 Wright & Miller, Federal Practice and Procedure: Civil § 1165 at 662). Applying this standard to the case at bar, the Court finds that plaintiff has not shown good cause for failing to serve St. Tammany Parish Hospital. No evidence was submitted of plaintiff's efforts to investigate the case during the 120–day period. Though plaintiff retained counsel at the end of the prescriptive period, he should have utilized the 120–day time period to conduct a diligent preliminary investigation. If he became satisfied that there was legal merit to his action, he should have timely served the hospital and pursued additional information through the discovery process. Finally, the Court notes that Plaintiff has not cited any relevant case law to support his position. The only case law cited to the Court discusses dismissal for failure to prosecute under Fed.R.Civ.P. 41(b). *See e.g. Ford v. Sharp*, 758 F.2d 1018 (5th Cir.1985).

Accordingly,

IT IS ORDERED that the motion of defendant, St. Tammany Parish Hospital, to dismiss is GRANTED. This action is hereby DISMISSED WITHOUT PREJUDICE.

---

ther instructions. There is no time limit for effecting service in state court. La.Code Civ.P. Art. 1201. Furthermore, if the defendant answers the petition, the declinatory exceptions of insufficiency of service of process and/or insufficiency of citation are waived unless pleaded therein. La.Code Civ.P. Art. 925. However, the state rule cannot be applied in federal court.