575 So.2d 1295 (1990)
Woodrow BERDEAUX and Louise Berdeaux, et al., Appellants,
v.
EAGLE-PICHER INDUSTRIES, INC., et al., Appellees.
No. 90-94.
District Court of Appeal of Florida, Third District.
December 11, 1990.
As Clarified January 29, 1991.
Rehearing Denied April 3, 1991.
Ferraro & Associates and James L. Ferraro and Marjorie N. Salem, Miami, for appellants.
Blaire & Cole and Susan J. Cole, Coral Gables, Louise H. McMurray, Miami, for Eagle-Picher Industries, Inc.
Blackwell & Walker and Kathleen M. Salyer, Miami, for Owens-Corning Fiberglas, Inc.
Kubicki, Draper, Gallagher & McGrane and Betsy E. Gallagher, Miami, for W.R. Grace & Co.
Shutts & Bowen and Robert P. Major, Miami, for Georgia-Pacific Corp.
Wolpe, Leibowitz, Berger & Brotman and Steven R. Berger, Miami, and Bradley H. Trushin, Miami Beach, for Celotex Corp.
Before JORGENSON, LEVY and GODERICH, JJ.
LEVY, Judge.
Nine asbestos-litigation plaintiffs appeal the trial court's order dismissing their actions, without prejudice, for failure to serve the defendants within 120 days subsequent to the filing of their complaints. These nine asbestos-litigation complaints were filed between January of 1987 and March of 1988. The defendants remained unserved until August and September of 1989. On September 25, 1989, the defendants filed a motion to dismiss for failure to effect timely service pursuant to Florida Rule of Civil Procedure 1.070(j). Only one defendant, "Flintkote", was still unserved at the time the motion was filed. In its December 8, 1989 Order, the trial court dismissed all nine actions, without prejudice, for the plaintiffs' failure to comply with Rule 1.070(j). For the following reasons, *1296 we hold that the trial court erred in dismissing all nine actions for all defendants where service was effected prior to the filing of the Motion to Dismiss. However, defendant Flintkote was properly dismissed by the trial court in all nine actions because service was not properly effected on that particular defendant prior to the Motion to Dismiss.
Florida Rule of Civil Procedure 1.070(j), as amended, states:
(j) Summons  Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion.
The effective date of Rule 1.070(j) was January 1, 1989. All nine of the actions in this case were pending at the time this amended rule took effect. The plaintiffs below urge that Rule 1.070(j) is not applicable to these actions because Rules of Court are to be applied prospectively, absent an express wording of an intention to the contrary. Their argument would suggest that cases already pending at the effective date of an amended rule would not be subject to its requirements.
The defendants below argue that Rule 1.070(j) is applicable to the nine cases while still affording a prospective treatment. They urge this court that the plaintiffs were bound by the 120-day period which would run from the effective date of the Rule, and are subject to dismissals for failure to comply with this time period.
Although we agree with the defendants that the plaintiffs were limited to 120 days, from the effective date of the Rule, within which to serve the defendants, it was improper for the trial court to dismiss eight of the nine actions.
We hold that the operation of Rule 1.070(j) is analogous to the application of Florida Rule of Civil Procedure 1.500(c)[1] wherein the law of the State requires a default not be entered, under that rule, if the defendant files its answer at any time prior to the proposed entry of a default. See Humbert v. Ackerman, 541 So.2d 1229 (Fla. 3d DCA 1989). We find, however, that the above discussion does not apply to the defendant "Flintkote", since service of process was not ever effected upon that defendant.
Affirmed in part and reversed in part.
NOTES
[1] Rule 1.500(c) provides:

(c) Right to Plead. A party may plead or otherwise defend at any time before default is entered. If a party in default files any paper after the default is entered, the clerk shall notify the party of the entry of default. The clerk shall make an entry on the progress docket showing the notification.