578 So.2d 1143 (1991)
David MORALES, Appellant,
v.
SPERRY RAND CORPORATION, a Foreign Corporation No Longer in Existence, Unisys Corporation, a Foreign Corporation, Ford Motor Company, a Foreign Corporation, and Ford New Holland Company, a Foreign Corporation, Appellees.
No. 90-1639.
District Court of Appeal of Florida, Fourth District.
May 1, 1991.
Rehearing and Rehearing Denied June 5, 1991.
*1144 Karen J. Haas of Law Offices of Karen J. Haas, Miami, for appellant.
Jeffrey B. Shapiro and Judy D. Shapiro of Herzfeld and Rubin, Miami, for appellees.
Rehearing and Rehearing En Banc Denied June 5, 1991.
STONE, Judge.
We affirm a final order dismissing, without prejudice, appellant's complaint. Appellant did not serve process on the defendants within 120 days as required by Florida Rule of Civil Procedure 1.070(j).
Appellant filed the complaint for personal injuries on August 17, 1989. His counsel mailed the summons forms to the clerk of the court for issuance on December 5th and the clerk returned them on the 8th for service. Appellant did not serve the resident agent (which coincidentally represented all defendants) until December 19, 1989. He had no difficulty in locating or perfecting service on the resident agent.
Rule 1.070(j) provides:
Summons-Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion.
Appellant's time for compliance expired 4 days prior to service.
Appellant argues that the trial court is required to apply the same liberality in excusing a failure to conform to this rule as that encouraged in vacating a default. See, e.g., Trans-World Realty Corp.-Plantation v. Realty World Corp., 507 So.2d 1201 (Fla. 4th DCA 1987). Appellant contends that he was entitled to mail the documents to the clerk, notwithstanding that the deadline for service was approaching, and blames poor service in the postal system and the clerk's office due to the Christmas season as an excuse for late service. He reasons that the delay was beyond his control and that in any event the appellees were not prejudiced. See Maler v. Baptist Hosp. of Miami, Inc., 532 So.2d 79 (Fla. 3d DCA 1988); Middleton v. Silverman, 430 So.2d 981 (Fla. 3d DCA 1983).
The appellees assert that the prejudice issue was not specifically argued to the trial court, but argue that prejudice need not be addressed anyway where the plaintiff is not diligent and intentionally delays service. It is undisputed that the plaintiff intended the delay prior to mailing the forms to the clerk.
We conclude that the appellant has failed to demonstrate an abuse of discretion. The trial court found no good cause for the delay. Morales made no effort to obtain service for 110 days after filing the complaint. He gave no acceptable explanation for this delay. With only a few days remaining, and being cognizant of the mandate of the rule, counsel chose to use the mail in obtaining the executed summonses. He made no effort to serve defendants until the 120 days had expired. We note that he did not contend that the defendants or their agent were evading service or had done anything to interfere with routine service of process.
The Florida rule is patterned after Federal Rule of Civil Procedure 4(j). Therefore, the federal decisions under that rule are pertinent. Those cases generally recognize that the primary factor in evaluating untimely service is diligence. E.g. In re City of Philadelphia Litigation, 123 F.R.D. 515 (E.D.Pa. 1988). Federal courts that have considered prejudice in deciding whether to dismiss under the rule have done so only after first determining that the plaintiff had been diligent in attempting service. This is so even where, as here, the applicable *1145 statute of limitations period had subsequently expired. Cf. In re City of Philadelphia Litigation; Smith v. Pennsylvania Glass Sand Corp., 123 F.R.D. 648 (N.D.Fla. 1988); Coleman v. Greyhound Lines, Inc., 100 F.R.D. 476 (N.D.Ill. 1984).
Here, the trial court could certainly conclude that appellant should not reasonably have expected to accomplish timely service by the method utilized. By choosing not to have the summonses issued for over three and a half months, and then processing them by mail, the plaintiff can hardly demand a finding of diligence and good cause. In Lovelace v. Acme Markets, Inc., 820 F.2d 81 (3d Cir.), cert. denied, 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987), the court stated:
The 120-day limit to effect service of process, established by Fed.R.Civ.P. 4(j) is to be strictly applied, and if service of the summons and the complaint is not made in time and the plaintiff fails to demonstrate good cause for the delay "the court must dismiss the action as to the unserved defendant."
... Legislative history provides only one example where an extension for good cause would be permissible  specifically when the defendant intentionally evades service of process.
"Half-hearted" efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run. (emphasis in original, citations omitted)
See also, Fournier v. Textron, Inc., 776 F.2d 532 (5th Cir.1985); Wei v. Hawaii, 763 F.2d 370 (9th Cir.1985); United States v. Fields, 703 F. Supp. 749 (N.D.Ill. 1989).
We recognize that the rule exacts a harsh sanction in cases where the limitations period may have expired. Certainly the rule need not be imposed inflexibly where the plaintiff does meet the burden of demonstrating diligence and good cause. In United States v. Ayer, 857 F.2d 881 (1st Cir.1988), both the trial and appellate courts agreed that there was ample evidence to justify the trial court's refusal to dismiss under the rule despite untimely service. In Ayer, the appellate court, after noting the many purposes for the rule, recognized the plaintiff's burden and the discretion of the trial court in "scrutinizing" the plaintiff's efforts at service. In that case the plaintiff's difficulty was not self-imposed. To the contrary, the delay was not intentional and occurred despite good faith and reasonable efforts to secure timely service.
We recognize that in the recent case of Berdeaux v. Eagle-Picher Industries, Inc., 575 So.2d 1295 (Fla. 3d DCA 1990) the court reached a contrary result by deciding that the rule should not be enforced where service is perfected prior to the filing of a motion to dismiss. We respectfully certify conflict with that opinion. We also reject the other arguments and issues raised by appellant. The final judgment of dismissal is affirmed.
DOWNEY, J., concurs.
POLEN, J., dissents without opinion.