581 So.2d 240 (1991)
Della E. PARTIN and Thomas V. Partin, Her Husband, Appellants,
v.
FLAGLER HOSPITAL, INC., etc., et al., Appellees.
No. 90-360.
District Court of Appeal of Florida, Fifth District.
June 13, 1991.
Jason G. Reynolds of Coble, Barkin, Gordon, Morris & Reynolds, P.A., Daytona Beach, for appellants.
Gregg L. Wirtz of Boyd & Jenerette, P.A., Jacksonville, for appellees.
PETERSON, Judge.
Della and Thomas Partin appeal the dismissal of their negligence complaint against Flagler Hospital, Inc. We reverse.
Partin sued Flagler for injuries received in 1981 when an elevator malfunctioned. This original suit was dismissed in 1985, but was followed by a similar complaint in that year. Service was not made until November 6, 1989. After it was served, Flagler successfully moved to dismiss the complaint pursuant to rule 1.070(j), Florida Rules of Civil Procedure, on the ground that service had not been made within 120 days after filing the complaint. The court ruled that Partin did not show good cause for not having made service within the time limit, and Partin does not appeal that ruling.
Partin argues that the dismissal is improper since rule 1.070(j) should be construed to operate in a non-self-executing manner analogous to rule 1.420(e). Under *241 rule 1.420(e), an action may not be dismissed if record activity takes place before a motion to dismiss based upon the rule is filed. Service of process before the filing of a motion to dismiss for failure to prosecute has been held to be sufficient record activity to preclude dismissal under rule 1.420(e). Glassalum Engineering Corp. v. 392208 Ontario Ltd., 487 So.2d 87 (Fla. 3d DCA 1986).
Berdeaux v. Eagle-Picher Industries, Inc., 575 So.2d 1295 (Fla. 3d DCA 1990), lends credence to this argument. In Berdeaux, the court held that the rule should not be enforced after the defendant had been served. The rationale of the decision is similar to Partin's argument except that the decision was based on an analogy between rule 1.070(j) and rule 1.500(c), Florida Rules of Civil Procedure. Under the latter rule, defaults may not be entered if a defendant files an answer prior to the proposed entry of a default. Thus, under Berdeaux, a plaintiff who effects service after the time limit can escape dismissal if service is effected before a motion to dismiss is filed by the defendant.
The Fourth District took a contrary view in Morales v. Sperry Rand Corporation, 578 So.2d 1143 (Fla. 4th DCA 1991), and held that the rule should be enforced even though service is effected before the filing of a motion to dismiss. The Morales view is in line with rule 4(j), Federal Rules of Civil Procedure. The federal rule is almost verbatim the Florida rule, and federal cases are routinely dismissed on rule 4(j) motions made after untimely service. Morales and the federal procedure support Flagler's argument that the purpose of the rule would be frustrated if the only defendants who could avail themselves of the rule were those defendants who, although unserved, for some reason knew they were being sued. We believe that Morales is the correct view. A defendant aggrieved by untimely service should be able to enforce his rights.
We reverse, nevertheless, because we believe that rule 1.070(j) does not apply to cases filed prior to the effective date of the rule. We note that the instant action was pending at both the time rule 1.070(j) was adopted in 1988 and the effective date of January 1, 1989. In re Amendments to Fla.Rules of Civil Procedure, 536 So.2d 974 (Fla. 1988). The order adopting the 1988 amendments was silent as to applicability to pending cases. When an earlier amendment was made to the rules of civil procedure, the supreme court did give direction as to applicability. In a later order, the supreme court stated:
It was provided [in an earlier order] that said amendments "shall become effective on the first day of October, 1961, and shall be applicable to all cases then pending, as well as those instituted thereafter." It has been brought to the attention of the Court that the applicability of said amendments to pending cases could result in a deprivation of substantial rights previously acquired by litigants. It is, therefore, ordered that the amendments to the Florida Rules of Civil Procedure promulgated by the order above described shall become effective on the first day of October, 1961, but shall be applicable only to cases commenced on and after said date.
In re Amendments to Fla.Rules of Civil Procedure, 132 So.2d 6, 7 (Fla. 1961). Since the supreme court, in its order adopting rule 1.070(j), did not mention whether it should be applied to cases filed before January 1, 1989, as they did in the 1961 amendments, and since it is clear that a plaintiff's rights may be affected by the change,[1] we conclude that it was the intent of the supreme court to apply the rule to cases filed on or after the effective date.
Examination of the rule itself suggests that it was not intended to apply to cases *242 filed prior to its effective date. The rule requires service within 120 days of filing the action. For all cases filed more than 120 days prior to the effective date of the rule, literal compliance would have been impossible. Given the obvious inapplicability to many or most cases filed before the effective date, we believe that the supreme court could not have intended the rule to apply to pending cases. Had the court intended otherwise, we think it would have provided a requirement for service within 120 days of filing and some other requirement literally applicable to pending cases, such as filing within 120 days of the effective date of the rule. Since there is no such provision in the rule, we conclude that the rule does not apply to cases pending on its effective date. We recognize that this conclusion conflicts with Berdeaux which applied the rule to cases that were pending before the effective date, but we believe that, if our supreme court had intended the rule to apply to pending cases, it would have said so.[2]
We hold that rule 1.070(j) is not applicable to cases filed prior to January 1, 1989, the effective date of that rule. Since the instant case had been filed prior to that date, we reverse the dismissal of plaintiffs' complaint and remand.
REVERSED and REMANDED.
SHARP, W., and GRIFFIN, JJ., concur.
NOTES
[1] In Hernandez v. Page, 580 So.2d 793 (Fla. 3d DCA 1991), Judge Schwartz in a concurrence refers to rule 1.070(j) as an ill-considered but successful "attempt to elevate the demands of speed and efficiency in the administration of justice over the substantive rights of the parties which the system is in business only to serve." Trawick, in his Florida Practice and Procedure, section 8-4, speaks no more kindly of the rule, suggesting that it is unnecessary since rule 1.420(e) is available to spur plaintiffs who might otherwise lack diligence.
[2] We note that there appears to be a conflict on this issue in the federal jurisdictions. See, e.g., Gleason v. McBride, 869 F.2d 688, 691 (2d Cir.1989), holding that federal rule 4(j) does not apply to cases pending on its effective date and Coleman v. Holmes, 789 F.2d 1206 (5th Cir.1986), holding that it does. See also Gordon v. Hunt, 116 F.R.D. 313 (S.D.N.Y. 1987), aff'd, 835 F.2d 452 (2d Cir.1987), and conflicting cases cited therein. The federal cases are not helpful because, for the most part, they are based on the legislative history, and we do not find similar guidance in reviewing the adoption of the Florida rule.