PER CURIAM.
Michael Schafer appeals from an order dismissing a wrongful death action for failure to perfect service of process within 120 days of filing suit. For the following reason, we reverse.
On October 12, 1990, Michael Schafer filed his complaint for wrongful death. On February 1, 1991, Julie Schafer moved to dismiss[1] Mr. Schafer’s complaint against her pursuant to Florida Rule of Civil Proce *122 dure 1.070(j).[2] Service of process was effected on Julie Schafer on February 12, 1991, four days after the expiration of the 120-day period, but prior to the hearing on her motion to dismiss.
Following the hearing on Ms. Schafer’s motion to dismiss, the trial court entered an order pursuant to Rule 1.070(j) dismissing the complaint against her.
In Berdeaux v. Eagle-Pieher Inds., Inc., 575 So.2d 1295 (Fla. 3d DCA 1990), this court held that “the operation of Rule 1.070(j) is analogous to the application of Florida Rule of Civil Procedure 1.500(c) wherein the law of the State requires a default not be entered, under that rule, if the defendant files its answer at any time prior to the proposed entry of a default.” (Citation omitted.) Because the appellant perfected service of process prior to the hearing on and entry of dismissal, the trial court erred in dismissing the complaint. Id. at 1296; see also Hernandez v. Page, 580 So.2d 793 (Fla. 3d DCA 1991) (120-day rule intended to be useful tool for docket management, not instrument of oppression).
We recognize that the recent case of Morales v. Sperry Rand Corp., 578 So.2d 1143 (Fla. 4th DCA 1991), reaches a contrary result. We respectfully certify conflict with that opinion.
Reversed and remanded; conflict certified.

. Ms. Schafer's motion to dismiss was premature because the 120-day time period for perfecting service had not yet run.

. Rule 1.070Q states:
If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court’s own initiative after notice or on motion.