592 So.2d 1176 (1992)
William KING and Julia King, His Wife, Appellants/Cross-Appellees,
v.
Leslie PEARLSTEIN, M.D., and Edward White Memorial Hospital, Appellees/Cross-Appellants.
No. 91-00332.
District Court of Appeal of Florida, Second District.
January 15, 1992.
Raymond T. Elligett, Jr. of Schropp, Buell & Elligett, P.A., and James F. Pingel, Jr., of Lau, Lane, Pieper & Asti, P.A., Tampa, for appellants, cross-appellees.
Charles W. Hall of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellee, cross-appellant Leslie Pearlstein, M.D.
John W. Boult of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee, cross-appellant Edward White Memorial Hosp.
PATTERSON, Judge.
This case presents the question of whether the filing of a petition to extend the medical malpractice statute of limitations pursuant to section 768.495(2), Florida Statutes (1987), with the clerk of the circuit court in a county which ultimately proves to be an improper venue for the subsequent medical malpractice action extends the statute. The trial court held that it did not and dismissed this action with prejudice. We disagree and reverse. The appellees cross-appeal the failure of the trial court to dismiss the action on the further ground that service of process was not accomplished within 120 days of the filing *1177 of the complaint as required by Florida Rule of Civil Procedure 1.070(j). For the reasons stated below, we agree with the trial court that rule 1.070(j) does not apply to this case and affirm in that regard.
On March 18, 1984, Dr. Pearlstein operated on Mr. King at Edward White Memorial Hospital to repair a hernia. On May 5, 1986, Dr. Pearlstein again operated on Mr. King to remove a sponge which had been left in Mr. King's body at the time of the 1984 surgery. The parties agree that the statute of limitations commenced to run on May 5, 1986.
Thereafter, the appellants complied with section 768.57, Florida Statutes (1987), by sending a notice to initiate litigation to the appellees. On July 31, 1987, the appellants filed with the clerk of the Circuit Court of Hillsborough County a petition to obtain the "automatic 90-day extension" of the statute of limitations provided for in section 768.495, Florida Statutes (1987). On November 1, 1988, the appellants filed their medical malpractice action in Hillsborough County.
The action lay dormant, and on January 19, 1990, the court initiated a motion to dismiss for lack of prosecution. For reasons not pertinent to this appeal, the court entered and then vacated an order of dismissal for lack of prosecution. In August 1990 the appellants filed an amended complaint and, for the first time, obtained service of process upon the appellees. Both appellees filed motions to dismiss asserting that the action was barred by the statute of limitations, or in the alternative, should be dismissed for failure to comply with rule 1.070(j). Neither appellee specifically moved to dismiss the action on the basis of improper venue.[1]
After a nonevidentiary hearing the trial court, in its order of December 28, 1990, found that rule 1.070(j) was inapplicable, but granted the motions to dismiss with prejudice on the ground that the statute of limitations had run prior to the filing of suit. The order is silent as to the basis of this finding. However, in that the filing on November 1, 1988, would be timely if the automatic ninety-day extension were effective, the parties agree that the finding rests on the trial court's conclusion that the petition for extension, filed in Hillsborough County, was ineffective to extend the statute.
The words of a statute are to be given their plain and ordinary meaning, since it is assumed that the legislature knew the meaning of the words when it chose to include them in the statute. Sheffield v. Davis, 562 So.2d 384 (Fla.2d DCA 1990). During the relevant period, section 768.495(2), Florida Statutes (1987), provided in pertinent part:
(2) Upon petition to the clerk of the court where the suit will be filed and payment to the clerk of a filing fee, not to exceed $25, established by the chief judge, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable investigation required by subsection (1). This period shall be in addition to other tolling periods.
(Emphasis added.) The statute plainly requires the petition to be filed in the same county as the subsequent suit will be filed. It does not require the petition to be filed in a county in which the suit should or must be filed. If the legislature had desired, it could have addressed the matter of venue.
This action was in fact filed in the same county as the petition; therefore, under the plain language of the statute, the petition was properly filed and extended the statute of limitations accordingly. Venue is a personal defense which is waived if not asserted in a party's first appearance in the case.[2]See County of *1178 Volusia v. Atlantic Int'l Inv. Corp., 394 So.2d 477 (Fla. 1st DCA 1981); Fla.R.Civ.P. 1.140(h). It does not affect the jurisdiction of the court to hear and determine the case. The action being timely filed, the trial court erred in dismissing the case.
On cross-appeal, the appellees argue that the suit should be dismissed for failure to comply with rule 1.070(j), which requires that service of process be accomplished within 120 days of the filing of the initial pleading. No issue exists as to compliance with the rule; there was a gross noncompliance. The only question is whether the rule applies to this case. This action was commenced on November 1, 1988. Rule 1.070(j) became effective on January 1, 1989. We acknowledge that there is a difference of opinion between the various districts as to whether the rule is to apply to cases filed before January 1, 1989, and pending on that date. We agree with the reasoning expressed by our sister court in Partin v. Flagler Hospital, Inc., 581 So.2d 240 (Fla. 5th DCA 1991), and hold that rule 1.070(j) does not apply to cases pending prior to January 1, 1989.
Reversed in part, affirmed in part, with directions to reinstate the appellants' complaint.
DANAHY, A.C.J., and FRANK, J., concur.
NOTES
[1] Dr. Pearlstein's motion does set out in detail that the appellees' residences are and all acts complained of occurred in Pinellas County.
[2] Although the appellees argued venue as the reason why the statute of limitations was not extended, neither party sought dismissal or transfer on this basis. In the event venue had been directly challenged the proper disposition would have been transfer, not dismissal. Tropicana Products, Inc. v. Shirley, 501 So.2d 1373 (Fla. 2d DCA 1987).