610 So.2d 445 (1992)
Leslie PEARLSTEIN, M.D., Petitioner,
v.
William KING, et Ux., Respondents.
EDWARD WHITE MEMORIAL HOSPITAL, Petitioner,
v.
William KING, et ux., Respondents.
Nos. 79529, 79530.
Supreme Court of Florida.
December 24, 1992.
Charles W. Hall of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., St. Petersburg, on behalf of Leslie Pearlstein, M.D.
John W. Boult and Willa C. Broughton of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, on behalf of Edward White Memorial Hosp.
Raymond T. Elligett, Jr. of Schropp, Buell & Elligett, P.A., Tampa, for respondents.
McDONALD, Justice.
Leslie Pearlstein and the Edward White Memorial Hospital petition for review of King v. Pearlstein, 592 So.2d 1176 (Fla. 2d DCA 1992), because of conflict with Berdeaux v. Eagle-Picher Industries, 575 So.2d 1295 (Fla. 3d DCA 1990), review denied, 589 So.2d 294 (Fla. 1991), disapproved on other grounds, Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla. 1992). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. The issue is whether the 120-day time limit for serving a defendant after filing an initial pleading, as provided in Florida Rule of Civil Procedure 1.070(j), applies to complaints filed prior to January 1, 1989, the effective date of the rule. We hold that the 120-day limit applies and quash the portion of King holding otherwise.
On March 18, 1984 Pearlstein performed a hernia repair operation on King, but, on May 5, 1986, operated on him again to remove a sponge left inside King in 1984. The statute of limitations began to run the day of the second operation. After receiving a ninety-day extension of the statute of limitations, the Kings filed a medical malpractice action on November 1, 1988. In August 1990 they filed an amended complaint and for the first time obtained service *446 of process on Pearlstein and the hospital. The trial court found rule 1.070(j)'s 120-day limit[1] inapplicable, and the district court agreed with that conclusion.
In reaching its decision the district court relied on Partin v. Flagler Hospital, Inc., 581 So.2d 240 (Fla. 5th DCA 1991), in which the fifth district refused to hold rule 1.070(j) applicable to causes filed prior to January 1, 1989 because, when we adopted the rule, we did not specifically make it applicable to pending cases. The Partin court recognized that the third district reached the opposite conclusion in Berdeaux. Pearlstein and the hospital argue that Berdeaux is correct while King urges us to hold that the second and fifth districts are.
Rules of procedure are prospective unless specifically provided otherwise. Tucker v. State, 357 So.2d 719 (Fla. 1978). Applying the 120-day limit to causes of action pending on January 1, 1989, however, is not a true retroactive application. In the instant case a retroactive application of the rule would require that King have served the defendant within 120 days of filing his complaint on November 1, 1988. Instead, applying rule 1.070(j) to causes pending on its effective date would give plaintiffs 120 days from January 1, 1989 in which to serve their defendants. This prospective application puts no extra burden on prior filings and does not diminish the time for complying with the rule.
Therefore, we approve the Berdeaux holding that rule 1.070(j) applies to cases filed prior to January 1, 1989 and disapprove the portion of King that holds to the contrary.[2] We direct the district court to remand for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, GRIMES and HARDING, JJ., concur.
KOGAN, J., dissenting with an opinion, in which BARKETT, C.J., and SHAW, J., concur.
KOGAN, Justice, dissenting.
I do not quarrel with the policy considerations implicit in the majority opinion. To my mind, there are good reasons to apply the instant rule to cases arising before the rule took effect. However, I believe such a change only should be enacted by amending the rule itself, not by judicial construction. Anyone relying on the rule as drafted would have no notice of what the majority holds today.
BARKETT, C.J., and SHAW, J., concur.
NOTES
[1] The rule reads as follows:

(j) Summons  Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion.
[2] We choose not to address any other issues.