675 So.2d 248 (1996)
William Aaron HODGES, Appellant,
v.
Jasmin NOEL, Appellee.
No. 95-2957.
District Court of Appeal of Florida, Fourth District.
June 19, 1996.
Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Terry L. Watson of Law Office of Patrick Farrell, Fort Lauderdale, for appellant.
Darryl L. Lewis of Hutchinson & Lewis, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Appellee Jasmin Noel was the passenger in an automobile driven by appellant William Hodges, which was involved in a car accident on June 29, 1990. On June 28, 1994, the day before the statute of limitations expired, Noel sued Hodges and several others. Over one year later, on July 11, 1995, Noel provided the secretary of state with an alias summons for Hodges and on July 14, Noel filed the return of service. On July 31, Hodges filed a motion to quash and dismiss. The trial court denied the motion and Hodges appeals.
Florida Rule of Civil Procedure 1.070(i) requires dismissal of an action if a plaintiff fails to serve the initial pleading and process upon a defendant within 120 days of filing, unless the plaintiff shows good cause why service was not made within that time. Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla.1992). Nothing in this record establishes what efforts Noel made within the 120 days after filing the complaint to obtain service on Hodges. Although counsel supplemented *249 the record with an affidavit, it fails to note the dates of any of the efforts at service documented within it. Before the 120 day period expired, Noel made no effort to extend the time limit for service under Florida Rule of Civil Procedure 1.090(b). See Morales, 601 So.2d at 540. A trial court may not exercise its discretion to refuse to dismiss a case under rule 1.070(i) unless there is record evidence of efforts made at service during the 120 day service period which would support a finding of "good cause" under the rule.
In addition to the rule 1.070(i) issue, the complaint in this case did not plead the basis for substituted service under section 48.161, Florida Statutes (1993). Noel did not seek leave of court to file an amended complaint before attempting substituted service. For that reason alone, the complaint was fatally defective and subject to dismissal. Wyatt v. Haese, 649 So.2d 905, 907 (Fla. 4th DCA 1995); Wiggam v. Bamford, 562 So.2d 389, 390 (Fla. 4th DCA 1990).
Appellant's motion to dismiss and quash should have been granted on both grounds.
Reversed and remanded.
DELL, WARNER and GROSS, JJ., concur.