686 So.2d 776 (1997)
Harry PATTERSON, Appellant,
v.
Howard LOEWENSTEIN, Appellee.
No. 95-4316.
District Court of Appeal of Florida, Fourth District.
January 22, 1997.
Thomas A. Conrad of Heller & Conrad, P.A., Hollywood, for appellant.
Burney J. Carter of Burney J. Carter, P.A., Sebastian, for appellee.
WARNER, Judge.
The plaintiff/appellee filed a complaint within days before the statute of limitations expired. Because the appellee's attorney determined that additional investigation was necessary to determine whether appellee's claim was viable, he did not attempt to have the complaint served on appellant. The 120-day time for service under Florida Rule of Civil Procedure 1.070(i) ran without a motion for extension. Upon a hearing on the appellant's motion to dismiss for failure to serve the complaint within 120 days,[1] the attorney asserted as good cause for his failure to serve the complaint his need to investigate the cause of action further, which was hampered by the failure of medical witnesses to respond to inquiries. The trial court denied the motion to dismiss. We reverse.
*777 In the instant case, the record does not reflect any efforts to serve the defendant during the 120-day period provided for by the rule. Instead, the plaintiff's attorney intentionally delayed service while he investigated the case.
In Morales v. Sperry Rand Corp., 578 So.2d 1143 (Fla. 4th DCA 1991), approved, 601 So.2d 538 (Fla.1992), this court noted that Florida Rule of Civil Procedure 1.070(i) is patterned after former Federal Rule of Civil Procedure 4(j).[2] This court quoted Lovelace v. Acme Markets, Inc., 820 F.2d 81 (3d Cir.), cert. denied, 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987):
The 120-day limit to effect service of process, established by Fed.R.Civ.P. 4(j) is to be strictly applied, and if service of the summons and the complaint is not made in time and the plaintiff fails to demonstrate good cause for the delay "the court must dismiss the action as to the unserved defendant."
... Legislative history provides only one example where an extension for good cause would be permissiblespecifically when the defendant intentionally evades service of process.
"Half-hearted" efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run. (emphasis in original, citations omitted)
Morales, 578 So.2d at 1145. We also cited Wei v. Hawaii, 763 F.2d 370 (9th Cir.1985), in which the court held that a plaintiff's desire to amend his complaint prior to its service was not good cause for failure to serve the complaint within the 120-day time limit. Similarly, plaintiff's desire to investigate his case further prior to service is not good cause to delay service.
Even if it were, the plaintiff would have to show diligent efforts to investigate the case during the 120-day period, see Gitz v. St. Tammany Parish Hosp., 125 F.R.D. 138 (E.D.La.1989), and an effort to serve the defendant within that time, or at least a motion for an extension of time prior to the expiration of the 120-day period. See Hodges v. Noel, 675 So.2d 248 (Fla. 4th DCA 1996). There is nothing in the record to show any attempt at service or at obtaining an extension of time for service until well past the expiration of the 120-day time period. "Good cause" for failure to serve must require some showing as to why service could not be made within the 120-day period. Thus, the good cause cited must explain an inability to make service, not why the plaintiff or plaintiff's attorney intentionally elected not to make service.
Because the record does not demonstrate good cause for the failure to serve the defendant within the 120-day time period of Rule 1.070(i), the trial court erred in denying the motion to dismiss.
Reversed and remanded with directions to enter order dismissing the action against appellant.
STEVENSON, J., concurs.
PARIENTE, J., concurs specially with opinion.
PARIENTE, Judge, concurring specially.
I concur in the reversal because the record in this case does not demonstrate good cause for intentionally delaying service. However, I disagree with this court's announcement of a hard-and-fast rule that good cause can only arise where there have been attempts at service and "service could not be made within the 120-day period." Although this holding is in conformity with Hodges v. Noel, 675 So.2d 248 (Fla. 4th DCA 1996), our holding may be overly broad.
Our holding may also conflict with Burger King Corp. v. Rudge, 630 So.2d 632 (Fla. 4th DCA 1994), in which we upheld a trial court's refusal to dismiss a case where the attorneys had put on "substantial evidence demonstrating their own `excusable neglect' in delaying service because a serious ethical question had arisen as to their representation." Id. at 633. In Rudge, it would appear that there was an intentional decision to delay effecting *778 service. I would continue to vest broad discretion in the trial court to determine whether good cause has been demonstrated and include within good cause those circumstances where there has been a compelling reason why service has not been attempted within the 120-day period as occurred in the Rudge case.
I again urge revisions to Florida Rule of Civil Procedure 1.070(i) as discussed in my special concurrences in Taco Bell v. Costanza, 686 So.2d 773 (Fla. 4th DCA 1997) and in O'Leary v. MacDonald, 657 So.2d 81, 81-82 (Fla. 4th DCA 1995). The rule should be able to fulfill its purpose as a case management tool without the harsh effects caused by a mechanical application of the rule.
NOTES
[1] While there were other procedural motions and rulings involved in the trial court below, we have included only the ruling which we determine is dispositive of this appeal.
[2] Rule 4(j) was amended and recodified in 1993 as Federal Rule of Civil Procedure 4(m).