ALLEN, Judge.
The appellant challenges two orders, including a summary final judgment entered for the appellees based on the statute of limitations. We conclude that the section 766.104(2), Florida Statutes, extension to the limitations period should have been applied so as to preclude the summary judgment. We also conclude that no constitutional infirmity has been shown with regard to the application of this statutory extension.
During the two-year limitations period in section 95.11(4)(b), Florida Statutes, the appellant filed a petition for an extension under section 766.104(2), which provides that:
Upon petition to the clerk of the court where the suit will be filed and payment to the clerk of a filing fee, not to exceed $25, established by the chief judge, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable investigation required by subsection (1). This period shall be in addition to other tolling periods. No court order is required for the extension to be effective. The provisions of this subsection shall not be deemed to revive a cause of action on which the statute of limitations has run.
After the original two-year period had run, but within the ninety-day extension which pertains under section 766.104(2), the appellant gave the notice of intent to initiate litigation required by section 766.106(2), Florida Statutes, and thereafter filed a complaint alleging wrongful death and medical malpractice. The appellees responded by asserting that the action is barred by the two-year limitations period in section 95.11(4)(b), arguing that the appellant’s petition for an extension did not comport with section 766.104(2). The trial court agreed, reasoning that because the petition was filed in Escam- *632 bia County and the complaint was filed in Walton County the appellant had failed to comply with the. statutory provision for a “petition to the clerk of the court where the suit will be filed....” The court therefore entered a summary judgment for the appel-lees, ruling that the appellant had not obtained the automatic ninety-day extension as provided by section 766.104(2).
Despite the technical noncomplianee with section 766.104(2), the automatic ninety-day extension should have been applied in this case. As the Florida Supreme Court explained in Kukral v. Mekras, 679 So.2d 278 (Fla.1996), the statutory scheme for medical malpractice must be interpreted to avoid unduly restricting access to the courts while furthering the legislative policy of requiring meaningful presuit investigation, discovery, and negotiation. Section 766.104(1), Florida Statutes, expressly requires such an investigation and accompanying certificate of counsel in connection with the complaint, and subsection (2) clearly states that the extension of the limitations period is made to allow this investigation. A strict interpretation of the statutory language regarding the place for filing the petition would tend to frustrate this legislative purpose, as the plaintiff would be compelled to correctly anticipate the place where the action should ultimately be filed, while still conducting the presuit investigation in accordance with the statutory process.[1]
The legislature could not have intended that a party be penalized for conducting the statutorily mandated investigation, arid the trial court’s interpretation of section 766.-104(2) does not comport with the suggestion in Kukral that the statutory scheme be interpreted and applied in a manner which balances the statutory requirements with a party’s right of access to the courts. Indeed, the manner in which the trial court interpreted section 766.104(2) would have the effect of encouraging the filing of multiple petitions in numerous counties which might bear any connection with the action, or intentionally misfiling a complaint which should properly be filed elsewhere, but which would have to be filed in the same county as the petition.[2] Such wastefulness and disingenuousness should not be encouraged and is certainly not contemplated by the statutory scheme which obviously attempts.to ensure good faith and limit frivolous filings.
In addition to adopting an overly strict and unduly technical interpretation of section 766.104(2), the trial court ruled that the statute offends due process by creating an automatic extension without providing the opposing party with notice or an opportunity to be heard. But the trial court’s reliance on Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and Thames v. Jackson, 598 So.2d 121 (Fla. 1st DCA .1992), is misplaced, as those cases involved the invocation of a judicial process by which existing claims were extinguished without proper notice. Mullane and Thames did not involve the enlargement of a limitations period, and cases such as Wiley v. Roof, 641 So.2d 66. (Fla.1994), establish that before the limitations period expires the legislature may provide for such an enlargement without impacting a vested right or constitu *633 tionally protected property interest. See also Mazda Motors of America v. S.C. Henderson & Sons, 364 So.2d 107 (Fla. 1st DCA 1978), cert. denied, 378 So.2d 348 (Fla.1979). Section 766.104(2) was in existence when the alleged cause of action accrued in the present case, and due process requirements do not compel either notice or an opportunity to be heard before application of the extension.
The summary final judgment order is reversed. The other appealed order is affirmed, and the case is remanded.
BARFIELD, C.J., and LAWRENCE, J., concur.

. When the section 766.104(2) petition was filed in the present case the appellant apparently anticipated that the suit would be filed against Escambia County defendants together with Walton County defendants, but after conducting the statutorily mandated investigation determined that the action should be maintained only against the Walton County defendants. Filing the complaint in Walton County was thus consistent with the appellant’s apparent understanding, as indicated by the required investigation, that this is the proper place for the action for purposes of venue.

. In King v. Pearlstein, 592 So.2d 1176 (Fla. 2d DCA), quashed in part on other grounds, 610 So.2d 445 (Fla.1992), the second district ruled that the ninety-day extension applies when the petition and complaint are filed in the same county, even if the complaint is misfiled with regard to venue. The trial court cited King while refusing to apply the extension in the present case. This suggests that the appellant might have obtained the extension by misfiling her complaint. Allowing the extension in the circumstances of King while disallowing it in the present case does not accord with the supreme court's expressed concern in cases such as Kukral and Alfonso v. Department of Environmental Regulation, 616 So.2d 44 (Fla.1993), that a party who makes less egregious or fewer mistakes not be placed in a worse position than one whose mistakes are greater or more numerous.