PER CURIAM.
We reversé the order denying the appellant’s motion to dismiss for failure to serve the complaint within the time permitted by Florida Rule of Civil Procedure 1.0700X1996)." The plaintiffs did not move for an extension of time until after the time limit had expired. When they did move for an extension, they did not allege that any attempt at service had been made during the 120 day period allowed by the rule.
Because the plaintiffs did not timely move for an extension, they'were required to demonstrate good cause for their failure to effect service within the time permitted. Good cause requires proof that some effort to serve the defendant was made during the 120 days following the filing of the 'complaint. Patterson v. Loewenstein, 686 So.2d 776 (Fla. 4th DCA 1997); Hodges v. Noel, 675 So.2d 248 (Fla. 4th DCA 1996). If problems are encountered that preclude service from even being attempted, a motion for extension of time must be filed before the expiration of the 120 day period. .
We reverse the order denying defendant’s motion and remand this case to the trial court with directions to dismiss the complaint.
DELL, POLEN and TAYLOR, JJ., concur.