ON MOTION TO RECALL AND MODIFY MANDATE

PER CURIAM.
Appellant, Beverly Foster, moves this court to modify or recall the mandate issued March 5, 1999, directing the trial court to dismiss Foster’s complaint against Miami Management, Inc., for failure to serve the defendant within 120 days of filing her complaint. We grant Foster’s motion to recall the mandate and remand the case to the trial court to consider whether it would grant an extension for service even though it found Foster lacked good cause for the delayed service.
Foster brought a wrongful death action against numerous defendants, including Miami Management, after her daughter was killed in a car accident. She failed, however, to serve Miami Management within 120 days of filing her complaint pursuant to Florida Rule of Civil Procedure 1.070(j). Without conducting an evi-dentiary hearing to determine whether Foster could show good cause for the delay, the trial court gave Foster forty-five additional days' to effectuate service.
Miami Management contested service and moved to vacate the order of extension. Foster indicated that she failed to serve Miami Management because her attorney wished to investigate whether Miami Management was a viable defendant. The trial court ruled that the reason proffered by Foster was not good cause and dismissed the complaint against Miami Management pursuant to the mandatory provision under rule 1.070(j), requiring dismissal if good cause is not shown for failure to serve a defendant within 120 days. See Patterson v. Loewenstein, 686 So.2d 776 (Fla. 4th DCA 1997) (holding that the decision to investigate the viability of a claim prior to service is not good cause to delay service). This court affirmed the *352 court’s ruling and issued a per curiam decision on February 27, 1999. On March 4,1999, one day before this court issued its mandate to the trial court, the Supreme Court of Florida formally adopted an amendment to rule 1.070(j). See Amendment to Florida Rule of Civil Procedure 1.070(j)-Time Limit for Service, 24 Fla. L. Weekly S109, — So.2d -, 1999 WL 106934 (Fla. Mar.4, 1999). Pursuant to the amended rule, a trial court must grant an extension for service if good cause is shown, but trial courts have the discretion to grant an extension even when good cause is not shown.
The supreme court provided that the amendment applies to all civil cases commenced after March 4,1999, and to all civil cases pending on that date “in so far as just and practicable.” The amended rule, on its face, does not affect the trial court’s determination that the reasons proffered by Foster did not constitute good cause; however, because the trial court would not have been required to dismiss the cause under the amended rule even for lack of good cause, we find that it would be just and practicable to allow the trial court to apply the rule in the instant case.
Accordingly, we remand this case to the trial court for a determination of whether it would grant Foster an extension to serve Miami Management or dismiss the action in light of rule 1.070(j) as amended.
REVERSED and REMANDED.
POLEN, STEVENSON and HAZOURI, JJ., concur.