# Third District Court of Appeal

## State of Florida

Opinion filed May 23, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-357
Lower Tribunal No. 15-15649
_____

**Justin Bailey,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, and Amit Agarwal, Solicitor General (Tallahassee), for respondent.

Before EMAS, LOGUE and LINDSEY, JJ.

PER CURIAM.

Justin Bailey petitions this court for a writ of prohibition to quash the trial court's December 2016 order denying his motion for immunity under Florida's Stand Your Ground law, section 776.032, Florida Statutes (2016), following an evidentiary hearing. Under the version of the statute existing on the date of the offense (and at the time of the evidentiary hearing), Bailey shouldered the burden of proof, requiring him to establish his entitlement to statutory immunity by a preponderance of the evidence. The trial court concluded in its order that Bailey "failed to prove by the preponderance of the evidence that he is immune from prosecution pursuant to § 776.032 and § 776.012." The instant petition followed.

While the petition was pending in this court, the Florida Legislature amended section 776.032(4). See Ch. 2017-72, § 1-2, Laws of Fla. As amended, the statute now provides that once a defendant raises a prima facie claim of entitlement to self-defense immunity, the burden of proof is upon the State to overcome that immunity claim, which the State must do by a standard of clear and convincing evidence.[1] The Legislature provided that "[t]his act shall take effect

---

[1] See §776.032(4), Fla. Stat. (2017), providing:

> In a criminal prosecution, once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity from criminal prosecution provided in subsection (1).

upon becoming a law," id., which occurred when the Governor signed the bill into law on June 9, 2017.

As a result of this amendment, we ordered supplemental briefing to address, *inter alia*, whether these statutory amendments are retroactively applicable to the instant case.[2] Since that time, this court has answered the question of retroactive application in our recent decision of Love v. State, No. 3D17-2112 (Fla. 3d DCA May 11, 2018). Therein, we held that section 776.032(4) does not apply to a crime alleged to have been committed before June 9, 2017, the effective date of the statute. Id. We also acknowledged, and certified conflict with, the Second District Court of Appeal's decision in Martin v. State, No. 2D16-4468 (Fla. 2d DCA May 4, 2018), which held that where the defendant's appeal remained pending when the amendment took place, and the amendment was procedural in nature, it must be applied to the defendant's case.

Following our precedent in Love, we therefore hold that the June 9, 2017 amendment does not apply to Bailey's case, and Bailey is not entitled to a new evidentiary hearing on that basis.

On the merits, after reviewing the record and the trial court's thorough and thoughtful order denying Bailey's immunity motion, we conclude the trial court's factual determinations are supported by competent substantial evidence and that

_____

[2] Neither the State nor Bailey contends that the 2017 amendment to section 776.032(4) is unconstitutional.

3

the trial court committed no error in its legal determinations. See State v. Vino, 100 So. 3d 716, 719 (Fla. 3d DCA 2012) (holding that, in reviewing a trial court's order on a motion seeking immunity under the Stand Your Ground Law, "the trial court's legal conclusion is reviewed de novo, but its findings of fact are presumed correct and can be reversed only if they are not supported by competent substantial evidence.") Accordingly, we deny the petition for writ of prohibition.

Petition for writ of prohibition denied.