# Third District Court of Appeal

## State of Florida

Opinion filed January 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2107
Lower Tribunal No. F15-15649
_____

**Justin Bailey,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Grande Law, P.A., and Stacy Marczak-Grande, Valiente, Carollo & McElligott, PLLC, and Matthew McElligott, for petitioner.

Ashley Moody, Attorney General, and Brian H. Zack, Assistant Attorney General, for respondent.


Before SCALES, HENDON, and MILLER, JJ.

MILLER, J.

Petitioner, Justin Bailey, is charged with two counts of second-degree murder in violation of sections 782.04(2) and 775.087, Florida Statutes (2015). Through the instant petition, he contends that, despite having fully litigated a Stand Your Ground immunity motion, he is entitled to a new immunity hearing where the State will bear the burden of proof in accordance with intervening changes in the law. Finding no departure from the essential requirements of law, we deny relief.

## BACKGROUND

After he was charged with two counts of second-degree murder with a firearm following a deadly nightclub altercation, Bailey invoked Florida's Stand Your Ground law, codified in section 776.032, Florida Statutes (2016), asserting he was immune from prosecution because he was acting in self-defense and defense of another, namely his brother. The motion was filed and litigated prior to the 2017 statutory revision to the Stand Your Ground law.

The trial court conducted a two-day evidentiary hearing, after which it denied the motion, concluding that Bailey failed to meet his burden of proving that he was entitled to immunity from prosecution. Thereafter, Bailey pursued a writ of prohibition before this court.

While the petition was pending, the Florida Legislature amended section 776.032(4), Florida Statutes. The amendment shifted the burden of persuasion to the State and changed the quantum of proof to a clear and convincing standard. See § 776.032(4), Fla. Stat. (2021) ("In a criminal prosecution, once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity from criminal prosecution provided in subsection (1)."). This court then ordered supplemental briefing in the prohibition proceedings to address whether the statutory amendment applied retroactively but, ultimately, denied the petition. See Bailey v. State, 246 So. 3d 555 (Fla. 3d DCA 2018).

Thereafter, the Florida Supreme Court rendered its seminal decision in Love v. State, 286 So. 3d 177 (Fla. 2019). There, the court determined the new burden and quantum of proof would apply to "all Stand Your Ground immunity hearings conducted on or after the statute's effective date." Id. at 190. After Love was decided, Bailey filed a successive immunity motion, again alleging he acted in self-defense, but this time he sought to dismiss the charges under the newly amended section 776.032(4), Florida Statutes. The material facts in the motion were unchanged.

The trial court denied relief, finding "[t]he Florida Supreme Court's decision in <u>Love</u> [was] clearly determinative of [Bailey]'s request for a new hearing." Accordingly, "because [Bailey]'s immunity hearing occurred prior to the amended statute's effective date, the [c]ourt conclude[d] that [he] [was] not entitled to a second immunity hearing." The instant petition ensued.

## STANDARD OF REVIEW

This court has certiorari jurisdiction to review the denial of a motion for statutory immunity. <u>See</u> <u>Rich v. State</u>, 311 So. 3d 126, 130 (Fla. 2d DCA 2020). However, because certiorari is an extraordinary remedy, a petitioner must establish "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." <u>Id.</u> at 131 (quoting <u>Reeves v. Fleetwood Homes of Fla., Inc.</u>, 889 So. 2d 812, 822 (Fla. 2004)).

## ANALYSIS

Bailey persuasively argues the existence of harm irremediable on plenary appeal. If he prevails, he will receive another opportunity to establish immunity from prosecution; if he does not, he faces trial and the possibility of life imprisonment. Thus, we conclude the jurisdictional threshold has been satisfied, and we focus our analysis on whether the trial court departed from the essential requirements of law in denying a successive immunity hearing.

4

A departure from the essential requirements of the law that will justify issuance of this extraordinary writ requires significantly more than a demonstration of legal error. <u>Allstate Ins. Co. v. Kaklamanos</u>, 843 So. 2d 885, 889 (Fla. 2003). In this regard, "[a] district court should exercise its discretion to grant certiorari review *only* when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." <u>Id.</u>

Here, Bailey contends that because he has not yet been brought to trial, <u>Love</u> provides a clear directive he is entitled to a successive immunity hearing in accord with the revised statute. Although it is well-settled that "[c]learly established law can be derived . . . from case law dealing with the same issue of law," we do not interpret <u>Love</u> quite so broadly. <u>State Dep't of Highway Safety & Motor Vehicles v. Edenfield</u>, 58 So. 3d 904, 906 (Fla. 1st DCA 2011).

In <u>Love</u>, the Florida Supreme Court considered a conflict between this court's opinion in <u>Love v. State</u>, 247 So. 3d 609 (Fla. 3d DCA 2018), determining that the changes to the quantum and burden of proof in section 776.032(4) were substantive changes in the law not subject to retroactive application, and the Second District Court of Appeal's opinion in <u>Martin v. State</u>, 313 So. 3d 658 (Fla. 2d DCA 2018), finding the changes procedural in nature, thus applicable to all pending cases, including those on appeal.

5

Applying long-standing precedent, the court determined that, historically, statutory revisions impacting the quantum and burden of proof have been construed as procedural. Love, 286 So. 3d at 186; see Shaps v. Provident Life & Acc. Ins. Co., 826 So. 2d 250, 254–55 (Fla. 2002) (concluding that in Florida the burden of proof is a procedural issue for conflict-of-laws purposes and explaining why the burden of proof is generally better viewed as "a procedural issue"); Walker & LaBerge, Inc. v. Halligan, 344 So. 2d 239, 243 (Fla. 1977) (declining to retroactively apply certain substantive amendments and distinguishing a case that involved the "inherently procedural" matter of the burden of proof). Similarly, Stand Your Ground immunity determinations have been traditionally characterized as procedural matters. Love, 286 So. 3d at 186; see Kumar v. Patel, 227 So. 3d 557, 559 (Fla. 2017) ("The Legislature, however, did not suggest procedural mechanisms for invoking and determining Stand Your Ground immunity."); Bretherick v. State, 170 So. 3d 766, 775 (Fla. 2015) ("These courts have adopted a procedure in which the defendant bears the burden of proof, by a preponderance of the evidence at a pretrial evidentiary hearing, in the context of their analogous immunity laws."); Dennis v. State, 51 So. 3d 456, 459 (Fla. 2010) ("The trial court recognized that no procedure had yet been enacted for deciding claims of immunity under section 776.032(1).").

6

Then, recognizing an inconsistency in prior pronouncements relating to the retroactivity of remedial statutes, the court observed that the application of a new procedural statute "generally turn[s] on the posture of the case, not the date of the events giving rise to the case." Love, 286 So. 3d at 187.

Against this background, the court concluded that "section 776.032(4) was intended to and does apply in [a] 'commonsense' and 'ordinar[y]' manner." Id. at 188 (second alteration in original) (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 275 n.29 (1994)). Therefore, the court held "the statute applies to those immunity hearings, including in pending cases, that take place on or after the statute's effective date." Id.

In reaching this holding, the court found that in Martin, the Second District Court of Appeal correctly deemed the changes to the quantum and burden of proof procedural, but then seemingly gave the statute "a true retroactive application" in ordering a new immunity hearing for a defendant convicted prior to the statute's effective date. Id. (quoting Pearlstein v. King, 610 So. 2d 445, 446 (Fla. 1992)). Our high court eschewed this application, finding "[t]he caselaw does not support such a default application of a procedural statute. And the legislation itself is devoid of any suggestion that the Legislature intended section 776.032(4) to undo pre-effective-date immunity hearings." Id.

In several <u>Love</u> progeny decisions, our sister courts have similarly determined that defendants in nonfinal cases are not entitled to new immunity hearings based upon the intervening statutory change. These decisions hinge on the fact that their immunity hearings occurred before the effective date of the amended statute. <u>See</u> <u>Catalano v. State</u>, 298 So. 3d 689, 690 (Fla. 2d DCA 2020) ("On remand, we now conclude that Catalano is not entitled to a new immunity hearing because his immunity hearing occurred before the amended statute's effective date."); <u>Feaster v. State</u>, 302 So. 3d 452, 453 (Fla. 2d DCA 2020) ("On remand, we now conclude that Mr. Feaster is not entitled to a new immunity hearing because his immunity hearing occurred before the amended statute's effective date."); <u>Nieves Rivera v. State</u>, 300 So. 3d 757, 759 (Fla. 4th DCA 2020) ("Based on the supreme court's holding that section 776.032(4) is a procedural change that applies to all Stand Your Ground hearings conducted on or after its effective date, and in light of the fact that Rivera's Stand Your Ground hearing occurred before the amended statute's effective date, we affirm."); <u>Washington v. State</u>, 296 So. 3d 567, 568 (Fla. 1st DCA 2020) ("Because Washington's immunity hearing occurred before the amended statute's effective date, the trial court was correct to conduct the hearing under the [previous] standard. . . .").

Bailey contends that because he has yet to proceed to trial, this line of authority is inapposite. We agree none of these cases are factually identical. But Bailey has not cited any controlling precedent for the proposition that an accused, having been afforded an immunity hearing prior to the statutory amendment, is entitled to relitigate the issue by means of a new motion. Without controlling precedent on an issue, a district court cannot conclude that a circuit court violated a clearly established principle of law. Edenfield, 58 So. 3d at 906; see Balzer v. Ryan, 263 So. 3d 189, 191 (Fla. 1st DCA 2018); see also Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 723 (Fla. 2012) ("[C]ertiorari jurisdiction cannot be used to *create* new law where the decision below recognizes the correct general law and applies the correct law to a new set of facts to which it has not been previously applied."). Given the nature of our review, this lack of a clear legal directive is dispositive, and we conclude Bailey has failed to demonstrate that the failure to afford him a second immunity hearing constitutes a departure from the essential requirements of law rising to the level of a miscarriage of justice. Accordingly, we deny the petition.

Petition denied.