580 So.2d 793 (1991)
Jose HERNANDEZ, etc., Appellants,
v.
Russell Houston PAGE, Sr., et al., Appellees.
No. 90-259.
District Court of Appeal of Florida, Third District.
April 30, 1991.
Rehearing Denied July 3, 1991.
*794 Scherman and Zelonker and Regina Zelonker, Hialeah, A. Koss, Miami, for appellants.
Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson and G. William Bissett, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and NESBITT, JJ.
NESBITT, Judge.
Plaintiffs appeal an order dismissing their lawsuit for failure to serve their complaint within 120 days of filing suit. We affirm.
Plaintiffs were granted dismissal, without prejudice, of their initial cause of action on January 10, 1989. They refiled their action on February 2, 1989 but never repeated service of process on the defendants. Some eight months later defendants moved for dismissal because service had not been made within 120 days after filing suit as required by Florida Rule of Civil Procedure 1.070(j). Plaintiffs then filed a motion for leave to serve defendants, setting forth circumstances which they believed constituted good cause why service had not been made within the required time. The trial court granted defendants' motion to dismiss and denied plaintiffs' motion to allow service of process. This appeal followed.
Rule 1.070(j) states:
Summons-Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion.
Neither the rule itself nor its comment defines "good cause."[1] Since the rule became effective January 1, 1989, no Florida court has defined "good cause" for failure to comply with the rule's time requirements.
Nevertheless, applying an abuse of discretion standard, see e.g., Floyd v. United States, 900 F.2d 1045 (7th Cir.1990); Wei v. State of Hawaii, 763 F.2d 370 (9th Cir.1985), the federal circuit courts have defined good cause as contained in Federal Rule of Civil Procedure 4(j): the federal equivalent to Florida Rule 1.070(j). The often cited definition of this term is found in the case of Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir.1985), which stated:
Without attempting a rigid or all-encompassing definition of "good cause," it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the *795 rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified" is normally required.
(Quoting 4A C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1165 (2d ed. 1987) (referring to Federal Rule 6(b) governing enlargement of time periods prescribed by the federal rules or by order of court)).
In applying this definition to specific cases, the federal courts have noted that the policy underlying the 120-day service requirement is primarily "to encourage prompt movement of civil actions in federal courts." Floyd, 900 F.2d at 1048, citing 2 J. Moore & J. Lucas, Moore's Federal Practice § 4.46, at 4-433 n. 8 (2d ed. 1989) (quoting Analysis of H.R. 7154  Federal Rules of Civil Procedure Amendments Act of 1982, 97th Cong., 2d Sess., reprinted in 1982 U.S.Code Cong. & Admin.News 4434, 4442). As the Seventh Circuit Court stated in Floyd, 900 F.2d at 1049, "[W]e believe that Congress `intended Rule 4(j) to be a useful tool for docket management, not an instrument of oppression.'" (Citing United States v. Ayer, 857 F.2d 881, 885-86 (1st Cir.1988)).
Against this background, we analyze plaintiffs' appeal, which requires us to define good cause under Florida Rule 1.070(j).[2] Plaintiffs submit various reasons which they claim constitute good cause for not serving process within the 120-day period; we find only one reason merits discussion. Plaintiffs assert that because the parties entered into settlement negotiations, the defendants waived service within the 120-day period. A review of the record reveals that any negotiations occurred after the first action was dismissed and before the second action was filed. There is no record support to indicate that the parties recommenced settlement negotiations after suit was refiled. The question then becomes whether settlement negotiations which occurred when there was no cognizable cause of action pending constituted good cause for failure to timely serve process on the defendants once suit was refiled. Fla.R.Civ.P. 1.070(j).
Adopting the federal courts' "excusable neglect" standard, we find the answer is no. Plaintiffs' attorney offers no argument or record support to rebut the clear evidence that his office simply had forgotten about this case until the defendants filed their motion to dismiss some eight months after suit was refiled. Thus, the trial court did not abuse its discretion in finding that plaintiffs failed to demonstrate good cause for failure to comply with Rule 1.070(j). Inadvertence or mistake of counsel without more does not constitute sufficient good cause to avoid dismissal under the rule.
Accordingly, we affirm the decision of the trial court.
BARKDULL, J., concurs.
SCHWARTZ, Chief Judge (specially concurring).
In conscience, I cannot disagree with the majority's assessment of the law or its application to the facts of this case. I cannot help, however, but think and express my thought that Rule 1.070(j) is another, quite ill-considered, but  as this case illustrates  quite successful attempt to elevate the demands of speed and efficiency in the administration of justice over the substantive rights of the parties which the system is in business only to serve. Summit Chase Condominium Assoc. v. Protean Investors, Inc., 421 So.2d 562 (Fla. 3d DCA 1982) (Schwartz, J., concurring in part, dissenting in part). In this instance, the rule has caused the dismissal of an action because the defendants were not served with process, even though those *796 same parties had been served, were fully aware of the action, had retained counsel and had defended themselves in an earlier incarnation of the same case. Indeed, they continued to be represented after that first action had been terminated by a voluntary dismissal on the eve of trial. Thus, the defendants have succeeded in escaping liability only because the plaintiffs' lawyers fell into a procedural pit unrelated to the merits of the case or the substantive interests of the defendants. The result is to transfer the burden of the defendants' liability to the plaintiffs' attorney or his malpractice carrier. I do not believe that such a result properly serves the administration of justice as the rules are supposedly intended to do.
NOTES
[1] The comment to Rule 1.070(j) states:

1988 Amendment. Subdivision (j) has been added to require plaintiffs to cause service of original summons within 120 days of filing the complaint absent good cause for further delay.
[2] While this is a case of first impression as to what constitutes good cause under Rule 1.070(j), we note this court's statement in Berdeaux v. Eagle-Picher Indus., Inc., 575 So.2d 1295 (Fla. 3d DCA 1990), analogizing Rule 1.070(j) to Florida Rule of Civil Procedure 1.500(c), governing default judgments, inasmuch as dismissal is not final under either rule until the dismissal order is filed. That case contains no discussion whatsoever of the good cause language of Rule 1.070(j). Consequently, it does not control this case.