583 So.2d 783 (1991)
Vincent James GRECO, Appellant,
v.
Kjell PEDERSEN, Appellee.
No. 90-02675.
District Court of Appeal of Florida, Second District.
August 9, 1991.
*784 John J. Benzing, Port Charlotte, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., and Patrick E. Geraghty of Alderman & Geraghty, P.A., Fort Myers, for appellee.
ALTENBERND, Judge.
The plaintiff, Vincent James Greco, appeals the dismissal of his malpractice action against his former attorney, Kjell Pedersen. The action was dismissed pursuant to Florida Rule of Civil Procedure 1.070(j) for failure to serve the initial process within 120 days. Although this administrative penalty seems severe under the facts of this case, rule 1.070(j) requires that we affirm.
The plaintiff was initially represented by Mr. Pedersen concerning a real estate transaction through which the plaintiff transferred property to his sister in 1982. Apparently, the transfer was performed to protect the property from attachment by the plaintiff's creditors. Allegedly, a court set the transfer aside on June 22, 1987, and the plaintiff lost all of his interest in the property. The plaintiff maintains that his loss was the result of some act of malpractice.
The plaintiff filed this lawsuit on June 2, 1989. Under rule 1.070(j), he was obligated to serve the complaint upon the defendant within 120 days of its filing. That time period expired on October 2, 1989. If the complaint was not served by that date, the rule mandated the action be dismissed unless the plaintiff demonstrated good cause for the failure to obtain service.
On June 5, 1989, the plaintiff's attorney wrote a letter asking if the defendant would appear without the necessity of service. On June 16, 1989, the defendant's attorney responded to the request and informed plaintiff's counsel that service would not be waived.
On July 8, 1989, plaintiff's counsel provided the Lee County Sheriff's Office with the process and all the information that one might expect necessary to obtain service on Mr. Pedersen at his office in Fort Myers Beach. Nevertheless, the Lee County Sheriff's Office returned the unexecuted summons in late July 1989, explaining that the address was a large shopping center and that the sheriff's office needed a suite number.
In August 1989, plaintiff's counsel advised the plaintiff of this development and they decided that the plaintiff would take additional steps to find his former attorney. In September, the plaintiff advised his attorney that he believed Mr. Pedersen had moved. As a result, the plaintiff's attorney drove to Fort Myers Beach on October 11, 1989, and confirmed that the defendant was still at his established place of business. Although October 11 was after the expiration of the 120-day period, no effort was made to serve the defendant at that time.
On November 17, 1989, the defendant filed a motion to dismiss for failure to timely serve process. Only after this motion was served, on December 7, 1989, was an alias summons sent to a private process server. This process was successfully served on December 13, 1989.
We note that this case does not involve the issue upon which the Third and Fifth *785 Districts have announced conflict. Partin v. Flagler Hosp., Inc., 581 So.2d 240 (Fla. 5th DCA 1991); Morales v. Sperry Rand Corp., 578 So.2d 1143 (Fla. 4th DCA 1991); Berdeaux v. Eagle-Picher Indus., Inc., 575 So.2d 1295 (Fla. 3d DCA 1990). This is not a case in which the process was served after 120 days but before the filing of a motion to dismiss. In this case, the complaint was not served until nearly one month after the motion to dismiss was filed. Thus, we do not need to determine what the result would have been if the plaintiff had served his complaint in the six weeks between the expiration of the 120-day period and the filing of the motion to dismiss.
The evidence in the record is sufficient to support the trial court's determination on the issue of good cause. The record reflects that the defendant has been a licensed member of The Florida Bar for many years. Since 1970 he has had his office in a four-unit shopping center on Estero Boulevard in Fort Myers Beach, Florida. His home address has remained unchanged for an even longer period. The record contains nothing to suggest that the defendant evaded service of process or that there should have been any difficulty serving him. Factually, the trial court's decision is not clearly erroneous, and legally it is not an abuse of the discretion. Accordingly, we affirm that decision.
While we affirm this decision, we share the concerns expressed by Judge Schwartz in his special concurrence in Hernandez v. Page, 580 So.2d 793 (Fla. 3d DCA 1991). In this case, there is no suggestion that the defendant was prejudiced or even inconvenienced by the failure to be served with the complaint. His attorney, and presumably Mr. Pedersen, had full knowledge that the lawsuit had been filed. But for the unexplained inability of the sheriff's deputy to obtain service, this case would have begun on a timely basis. We are dismissing this case, while perhaps upholding the predicate for a new lawsuit against yet another attorney, in the supposed interest of efficient judicial administration. From our initial experience with this rule, we are inclined to believe that such a rule could better achieve its valid purposes if the trial court were authorized to issue an order to show cause after 90 days from the filing of the complaint, granting the plaintiff an additional 30 days in which to serve process or show cause why service could not be achieved.[1] This would promote efficient judicial administration without unduly compromising "the substantive rights of the parties which the system is in business only to serve." Hernandez, at 795 (Schwartz, J., specially concurring).
Affirmed.
SCHEB, A.C.J., and FRANK, J., concur.
NOTES
[1] This would maintain the 120-day period currently employed by the rule. It is entirely possible that a somewhat longer period would be more practical.