PER CURIAM.
Reversed. As “good cause” for why plaintiffs/appellees failed to serve a defendant within the 120-day rule, see Rule of Civil Procedure 1.070(f), appellees stated that pri- or counsel was attempting settlement with another codefendant. That does not constitute “good cause” for failing to serve a code-fendant. Cf. Hernandez v. Page, 580 So.2d 793 (Fla. 3d DCA 1991). Further, appellees’ counsel’s subsequent difficulties long after the time limit for serving appellant'passed also cannot constitute “good cause” to show why service was not made timely. The failure of appellees’ prior counsel to serve appellant within 120 days requires dismissal. See Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla.1992).
GLICKSTEIN, ANSTEAD and WARNER, JJ., concur.