636 So.2d 886 (1994)
Bart CONNELLY, Appellant,
v.
CROWN CRUISE LINE, INC. S.A., and Palm Beach Cruise Line, Incorporated, S.A. Jane Doe, John Doe and XYZ, Inc., unidentified individuals and corporations, Appellees.
No. 93-1629.
District Court of Appeal of Florida, Fourth District.
May 18, 1994.
*887 George P. Ord of Alley, Maass, Rogers & Lindsay, P.A., Palm Beach, for appellant.
No appearance for appellees.
PER CURIAM.
Appellant, Bart Connelly, plaintiff below, appeals the trial judge's order of dismissal entered without notice or hearing. The trial court, sua sponte, dismissed the case because the plaintiff had not served the defendants within 120 days of filing the complaint.
Florida Rule of Civil Procedure 1.070(i) provides that an action shall be dismissed without prejudice if (1) service of initial process is not made upon defendant within 120 days after filing of the initial pleading and (2) the party on whose behalf service is required does not show good cause why service was not made within that time.
In the instant case, service of initial process was not made upon defendant within 120 days after filing of the initial pleading, thus satisfying the first part of Rule 1.070(i).
In order to satisfy the second part of Rule 1.070(i), the trial court had to give the party on whose behalf service is required an opportunity to show good cause why service was not made within the 120-day time period.
Appellant correctly argues that the trial court had no authority to dismiss the instant case without giving him an opportunity to be heard and to present any evidence he might have regarding the reasons he did not serve the defendants within the required time frame. Based on Rule 1.070(i) and fundamental requirements of due process, the trial court erred in dismissing Plaintiff's case without giving him an opportunity to show good cause why service was not made within the required time. See Hernandez v. Page, 580 So.2d 793, 795 (Fla. 3d DCA 1991) (rule allowing dismissal where service is not made within 120 days after filing is intended as a useful tool for docket management, not an "instrument of oppression"); Greco v. Pedersen, 583 So.2d 783, 785 (Fla. 2d DCA 1991) (suggesting that rule allowing dismissal for untimely service of process would be better served if trial court were authorized to issue an order to show cause after 90 days from the filing of the complaint, giving plaintiff 30 additional days in which to serve process or show cause why service cannot be achieved). Accordingly, we reverse and remand the trial court's order of dismissal with instructions to give Appellant an opportunity to show cause why service was not made within 120 days of the filing of the complaint.
REVERSED AND REMANDED.
GUNTHER, FARMER and PARIENTE, JJ., concur.