657 So.2d 81 (1995)
Joyce O'LEARY and Michael O'Leary, her husband, Appellants,
v.
John MacDONALD, M.D., Radiologists of North Fort Lauderdale, P.A., a Florida corporation, Ira Litzenblatt, M.D., et al., Appellees.
No. 93-3719.
District Court of Appeal of Florida, Fourth District.
July 19, 1995.
Todd R. Schwartz and Arnold R. Ginsberg of Perse, P.A. & Ginsberg, P.A., and Fred O. Pasternack, Miami, for appellants.
Angela C. Flowers of Kubicki Draper, P.A., Miami, for appellees.
PER CURIAM.
AFFIRMED.
GUNTHER, C.J., and SHAHOOD, J., concur.
PARIENTE, J., concurs specially with opinion.
PARIENTE, Judge, concurring.
Plaintiff appeals the dismissal of defendant, Ira Litzenblatt, M.D., from a medical malpractice action because he was not served within 120 days after the filing of the complaint. The trial court relied on Florida Rule of Civil Procedure 1.070(j) (redesignated as subdivision (i) in 1992) and Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla. 1992), in its order of dismissal. Because the facts of this case are somewhat unusual in that plaintiff was diligently pursuing the lawsuit against the other named defendants, I write to explain this seemingly harsh result.
Plaintiff sued four defendants, including defendant Litzenblatt. The complaint was filed on April 22, 1993, and plaintiff caused summonses to be issued for all defendants on the same day. The record reveals that the Broward County Sheriff's office received the summonses for two of the defendants on April 30, 1993 and served those defendants by May 4, 1993. A third defendant was served by August 5, 1993. As to defendant Litzenblatt, the summons reflects receipt by the Broward County Sheriff's Office on April 22, 1993, the same date the complaint was filed; however, service apparently was not attempted until August 3, 1993, at which time the return shows that service could not be made because defendant was "in Israel for 3-4 weeks." The 120th day expired on August 20, 1993, while defendant was still in Israel. An alias summons was issued on September 2, 1993, and service was not effected until September 20, 1993.
This set of facts is dissimilar to those in Morales, where the plaintiff, "by choosing not to have the summonses issued for over three and one-half months, and then processing them by mail" could "hardly demand a finding of diligence and good cause." 601 So.2d at 539. Here, plaintiff promptly caused summonses to be issued. The problem, however, is that plaintiff provides no explanation, by affidavit or otherwise, for the three-month delay in attempting service from the end of April, when the summons was issued, to the beginning of August, when the first attempt at service was made. Perhaps the fault rested with the Broward County Sheriff's Office, but there is no documentation of this possibility or of any efforts exercised by plaintiff during this period to ensure that service was effected. In short, the record is devoid of documentation of "reasonable cause for failure to effect timely service." Morales; compare Mid-Florida Assocs., Ltd. v. Taylor, 641 So.2d 182 (Fla. 5th DCA 1994). At the very least, plaintiff could have filed a motion pursuant to Florida Rule of Civil Procedure 1.090(b) seeking an extension of the 120-day time limit prior to its expiration, an alternative suggested by Morales.
The dismissal authorized by rule 1.070(i) appears harsh because the record otherwise demonstrates that plaintiff was diligently pursuing the lawsuit, having summonses issued as to all defendants on the day the complaint was filed and service effected on the other three defendants within the 120-day *82 time limit. Indeed, service on two of the defendants was made within only two weeks of the complaint being filed. Service would have been effected on defendant Litzenblatt within the 120-day time limit but for the fact that he apparently was in Israel for three to four weeks.
Here, there is no indication that plaintiff acted in a dilatory manner, but there is also no indication that plaintiff exercised due diligence in effecting service on this particular defendant. It is the absence of this evidence, in this case, that requires an affirmance of the trial court's exercise of discretion, although this application of the rule does very little to foster the actual purpose of the rule.
Rule 1.070(i), first enacted in 1988 as subdivision (j), was intended to prevent the situation where a plaintiff files the complaint in order to toll the statute of limitations, but then does nothing with the lawsuit for months thereafter. Applying the rule to the facts of this case has the potential for improperly turning rule 1.070(i) into "an instrument of oppression" when the rule, patterned after rule 4(j) of the Federal Rules of Civil Procedure, was intended to be "a useful tool for docket management." See United States v. Ayer, 857 F.2d 881, 886 (1st Cir.1988).
I concur with the second district's suggestion in Greco v. Pedersen, 583 So.2d 783, 785 (Fla. 2d DCA 1991), that the valid purpose of rule 1.070(i) could be better achieved if trial courts were authorized to issue an order to show cause after 90 days from the filing of the complaint, granting the plaintiff an additional 30 days in which to serve process or document the record showing cause why service cannot be effected. This process would advance "efficient judicial administration without unduly compromising the substantive rights of the parties which the system is in the business only to serve." Id. (quoting Hernandez v. Page, 580 So.2d 793, 795 (Fla. 3d DCA 1991) (Schwartz, J., specially concurring).)
In this case, as in Greco, there is no suggestion that defendant Litzenblatt was prejudiced or even inconvenienced by the failure to be served with the complaint. Moreover, the dismissal of one of four defendants does nothing to assist the cause of docket management and efficient judicial administration. The words of Judge Altenbernd in Greco are particularly apt here:
We are dismissing this case, while perhaps upholding the predicate for a new lawsuit against yet another attorney, in the supposed interest of efficient judicial administration... .
583 So.2d at 785.