667 So.2d 1024 (1996)
Thomas MAHER, Barbara Maher and Debra Maher, Appellants,
v.
BEST WESTERN INN, Route 50, etc., et al., Appellees.
No. 94-2728.
District Court of Appeal of Florida, Fifth District.
February 16, 1996.
Theodore W. Herzog, Key West, for Appellants.
Jack W. Shaw, Jr., of Brown, Obringer, Shaw, Beardsley & DeCandio, P.A., Jacksonville, Amicus Curiae, for Florida Defense Lawyers Association.
Kurt Erlenbach of Erlenbach & Erlenbach, P.A., Titusville, for Appellee, Mickie Simmer.
Michael C. Tyson, Roland A. Sutcliffe, Jr., and John V. Colvin, of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for Appellee, Best Western Inn, Route 50, etc.
PER CURIAM.
AFFIRMED.
GOSHORN, J., concurs.
HARRIS, J., concurs and concurs specially, with opinion.
GRIFFIN, J., dissents, with opinion.
HARRIS, Judge, concurring and concurring specially:
While I share the dissent's concern that the enforcement of Florida Rule of Civil Procedure 1.070(i) may sometimes (even often) work an injustice on plaintiffs who are seeking proper redress, the issue before us is more limited. That issue before us is whether a trial court who has granted an extension of the 120-day period may, after a subsequent hearing and based on additional evidence, reverse its original decision and, within its discretion, decide that the 120-day limit should not be extended after all.
Florida Rule of Civil Procedure 1.090(b) provides that the court, in its discretion, if an act is required to be done within a specified time,
(2) Upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect ...
(Emphasis added.)
While the motion filed in this case asserted plaintiff's difficulty in determining Simmer's address and the actions it was taking to discover such address, it failed to allege any "excusable neglect" in failing to properly serve the defendant within the 120-day period. The motion simply ignored this requirement and assumed that the court had the discretion to extend the time "for cause shown" regardless of when the motion was filed. Since Simmer was not served at that time, there was no one to point out to the trial court that excusable neglect had to be alleged and proved in order to extend the time after the initial 120-day period had expired. When this was subsequently pointed out to the trial court, it decided that it had improperly exercised its discretion in the first place and, on reflection, determined that under the facts of this case it should not have granted the extension.
We must now determine whether the trial court erred in finding that, under the facts of this case, neither the doctrines of "due diligence" nor "excusable neglect" excused the plaintiffs' failure to serve Simmer within the appropriate time.
Plaintiffs alleged in their complaint:
7. The defendant, Mickie Simmer, is a resident of Brevard County, and on February 7, 1989, was renting a room from the defendant, Best Western Inn.
The conceded facts at the hearing on the motion to dismiss showed that Mickie Simmer, under her name, had been listed in the Central Brevard telephone book since 1989 and has lived in the same house since that time.
The trial court found that since plaintiff alleged that Simmer was a resident of Brevard *1025 County, the failure to at least check the local phone book was not "due diligence" nor could this failure be considered "excusable neglect." It was the function of the trial court to make this decision. In my view, we cannot rule as a matter of law that the negligence of one who suspects the defendant is a resident of a particular county and does not even check the local telephone books amounts to excusable neglect. Nor do I believe that one necessarily shields himself from the consequences of Rule 1.070(i) by contracting out the chore of finding the defendant's address. This decision is consistent with the opinion in Greco v. Pedersen, 583 So.2d 783 (Fla. 2d DCA 1991), which upheld the discretion of the trial court in denying an extension of the 120-day period under similar circumstances.
GRIFFIN, Judge, dissenting.
I dissent only from the majority's decision to affirm the order of the lower court dismissing the claim of appellant, Debra Maher, against Mickie Simmer ["Simmer"]. The dismissal was based on Florida Rule of Civil Procedure 1.070(i), commonly known as the "120 day rule":
(i) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
The incident giving rise to this lawsuit occurred at a Best Western motel in Brevard County on February 7, 1989. Appellants are New Jersey residents who were guests at the motel. Debra Maher, age 27, is blind but was able to function independently with the aid of her seeing-eye dog, Ina. Simmer had just moved to the area and was staying at the motel while waiting to close on the purchase of a residence. Two dogs owned by Simmer attacked and permanently injured Ina. In the resulting melee, there allegedly was severe emotional trauma suffered by the elder Mahers and Debra.
Appellants are represented by Vero Beach counsel. Suit was filed in Brevard County on February 5, 1993, shortly before the expiration of the statute of limitations. Although process was served on the motel in a timely manner, appellants did not serve Simmer within 120 days. On September 14, 1993, 221 days after the initial filing, appellants filed a motion to extend time for filing service on Simmer alleging:
2. Since the time of filing, Plaintiffs' attorneys have retained the services of The Lang Agency, Inc. (private investigation located in Vero Beach, Florida) to locate Defendant Simmer, have retained the services of Lawyers Title Insurance Corporation on two occasions to search the records of Brevard County to determine if Defendant owns real property in such jurisdiction, has contacted the State of Florida Department of Health and Rehabilitative Services with respect to obtaining address of Defendant Simmer through public records relating to histological testing of tissues for rabies in the animal which was involved in the alleged dog attack referred to in Plaintiff's Complaint and have contacted the Brevard County Animal Control to determine address of Defendant Simmer who was the owner of the dog destroyed at such facility.
3. Plaintiffs have exercised due diligence and are continuing to attempt to locate Defendant Simmer so that process may be served upon her.
Following an unreported hearing, the court granted appellants' motion and gave appellants 120 additional days within which to perfect service on Simmer. On February 10, 1994, 119 days after the court's order, appellants filed a second motion to extend time for perfecting service, alleging:
2. Plaintiffs and Defendant Best Western Inn have engaged in diligent efforts to locate Defendant Simmer so that service can be made upon her. To date no address for Mickie Simmer has been discovered.

*1026 3. Plaintiffs have learned that Mickie Simmer was previously represented by Kurt Erlenbach, Esquire. Plaintiffs have prepared and are in the process of serving discovery subpoenas and pleadings on Kurt Erlenbach, Esquire requiring that he produce his file and all relevant information with respect to the location of said Mickie Simmer.
4. The efforts of Plaintiffs to discover the whereabouts of Mickie Simmer are progressing but Plaintiffs require additional time to serve said Defendant.
5. Testimony adduced through deposition in this file to-date indicates that Mickie Simmer, based upon information and belief, may have substantial liability with respect to the injuries plaintiffs have sued for as the owner of certain dogs who injured Plaintiffs while Plaintiffs were on Defendant Best Western Inn's real property and improvements.
A hearing was conducted on March 10, 1994, and the court granted appellants an additional 90 days to perfect service. The second order extending time was entered on April 13, 1994 and stated that the additional days ran "from the date of this order." Simmer was timely served on July 11, 1994.
Simmer filed a motion to dismiss on the ground that appellants had failed to serve her within 120 days as required by Florida Rule of Civil Procedure 1.070(i). She alleged that "throughout this entire period" she had resided at 6310 Corsica Blvd. in Port St. John, that she currently had (and "throughout this entire time" had) a telephone number and address listed as "Simmer Robert and Mickie" in all Brevard County telephone books, that she had not secreted herself in any way and that any reasonably diligent attempt to locate her could easily have succeeded. At the hearing on the motion, Simmer argued that because Maher failed to obtain an extension prior to the expiration of the 120 days, the complaint must be dismissed. Also, Simmer argued that "it [was] not appropriate to sign an order extending it for 90 days from the date of an order when the order is filed approximately a month ... after the hearing." Finally, Simmer argued that Maher did not exercise "due diligence" in seeking to find Simmer.
The lower court granted Simmer's motion and dismissed the claim.[1] Before I explain why I believe this decision may have been error, I would like to suggest serious consideration to be given to amendment of this rule. The rule in its present form has been widely and properly criticized. Judge Schwartz has referred to it as "another, quite ill-considered, but ... quite successful attempt to elevate the demands of speed and efficiency in the administration of justice over the substantive rights of the parties which the system is in the business only to serve.... [A] procedural pit." Hernandez v. Page, 580 So.2d 793, 795 (Fla. 3d DCA 1991) (Schwartz, C.J., specially concurring). Judge Altenbernd has pointed out the false economies of the present rule: "We are dismissing this case, while perhaps upholding the predicate for a new lawsuit against yet another attorney, in the supposed interest of efficient judicial administration." Greco v. Pedersen, 583 So.2d 783, 785 (Fla. 2d DCA 1991). See also O'Leary v. MacDonald, 657 So.2d 81 (Fla. 4th DCA 1995) (Pariente, J., concurring specially). It is also worth noting that in the federal court system, the mother of invention of this rule, courts in the name of efficient judicial administration have labored for years writing lengthy, inconsistent, occasionally agonized decisions in cases where the application of this rule has deprived a litigant of his claim. The federal appellate courts have frequently referred to the 120 day rule as an "instrument of oppression"[2] and have often felt constrained to warn lawyers to "[t]reat the 120 days with the respect reserved for a time bomb." Braxton v. United States, 817 F.2d 238, 241 (3d Cir.1987). The federal rule was finally amended in 1993 to make it less onerous but Florida's rule has not been changed. It can be predicted that, once again in the name of "efficient use of judicial resources," a whole new body of federal case law will be generated *1027 in an effort to deal with the scope and meaning of the amendment; nevertheless, if the plain language of the amendment is followed, it should eliminate some of the harsher effects of the rule and will provide some avenue of relief for litigants trapped by some of its more arcane applications.[3] I urge that Florida adopt an amendment similar to or better than the federal amendment.
This case represents another example of a substantive claim lost because of the application of the 120 day rule. What is interesting about this case is that the plaintiff sought and obtained leave of court to serve process beyond the 120 days and thereafter, within the period of time of the extensions permitted by the court, the defendant was timely served. As will be explained, none of Simmer's grounds for dismissal is sufficient.
The first issue is whether it is possible, in Florida, to obtain leave of court for service of process beyond the 120 days if the request for the extension is not made until after the expiration of the 120 days. Because Florida's 120 day rule has been adopted from the federal rules, we are instructed to look to federal case law interpretation of this rule. Morales v. Sperry Rand Corp., 601 So.2d 538, 539 (Fla.1992). What federal case law demonstrates is that an extension is possible after the 120 days expires, although Rule 1.070(i) does not govern the issue. Federal courts generally consider that to obtain an extension after the expiration of 120 days, it is necessary to proceed under Federal Rule of Civil Procedure 6(b). Rule 6(b) is, for these purposes, the same as Florida's Rule 1.090(b), which provides:
When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion (1) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon the motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect, but it may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for a directed verdict.
In short, the answer to the question whether the trial court had the power to extend the time after the expiration of 120 days is "yes."
The only other colorable argument for dismissal made by Simmer is the failure of Maher to exercise "due diligence" to effect service. "Due diligence" is not the test under Rule 1.070 or under Rule 1.090(b), however. The issue under Rule 1.090(b)(2) is whether there was a showing of "excusable neglect." As is manifest from the words themselves, as well as case law, there is a significant difference between the "good cause" requirement of Rule 1.070(i) and "excusable neglect." Under Rule 1.070(i), the trial court was required to dismiss the plaintiff's claim against Simmer if service were not timely without the plaintiff making a showing of "good cause." The trial court also had the power, upon the plaintiff's showing of excusable neglect, to grant an enlargement of time. Under the lesser standard of excusable neglect, the earlier order granting the motion for extension of time was sustainable. Similarly, under Rule 1.090(b), for the subsequent extensions, the court had broad discretion for "cause shown" to extend the period originally prescribed or as extended by a previous order.
It is reasonable for a lawyer representing a claimant to hire an investigator to locate a potential defendant for service of process. If a competent investigator is retained in a timely manner and if the investigator reports to counsel that he has been unable to locate such a person to serve, it is reasonable for the attorney to rely on that representation. The failure to make timely service in such a case is neglect by counsel that can be excusable. Importantly, absolutely no prejudice to *1028 Simmer from the delay has been shown or even suggested. Using the law's own wonderful logic, the claim against the individual whose dogs allegedly destroyed a valuable aid and companion to a blind woman has been extinguished and claims against Maher's counsel and the investigator he hired have been created.[4] I would reverse.
NOTES
[1] The court stated no rationale for its ruling.
[2] United States v. Ayer, 857 F.2d 881, 885-86 (1st Cir.1988); Floyd v. United States, 900 F.2d 1045, 1049 (7th Cir.1990).
[3] The Fourth District, for example, recently held that the 120 days is to be calculated from the filing of a motion for leave to file a pleading to add a new party, not from the date of the filing of the pleading itself. Frew v. Poole and Kent Co., 654 So.2d 272 (Fla. 4th DCA 1995).
[4] The Fourth District Court of Appeal has recently published an interesting opinion dealing with dismissal for want of prosecution in which the court said it was reversing the dismissal because it was the lawyers, not the plaintiffs themselves who contributed to the lack of record activity. Dixon v. Riviera Beach, 662 So.2d 424 (Fla. 4th DCA 1995). If this truly was the legal basis for the ruling, it is an interesting new development in the law. Without citing to Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993), it seems to utilize the reasoning of Kozel to protect a party from his lawyer's failure to meet deadlines.