686 So.2d 773 (1997)
TACO BELL CORPORATION, Valenti Associates, Inc., and Tenga Taco, Inc., corporate successor to Valenti Southeast, Inc., Appellants,
v.
Sharon COSTANZA, Appellee.
No. 96-2302.
District Court of Appeal of Florida, Fourth District.
January 22, 1997.
Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller & McIntyre, P.A., Fort Lauderdale, and Mark A. Rutledge, Deerfield Beach, for appellants.
No appearance for appellee.
PER CURIAM.
Reversed and remanded for the trial court to enter an order dismissing appellants from the suit for non-compliance with Florida Rule of Civil Procedure 1.070(i). See Hodges v. Noel, 675 So.2d 248 (Fla. 4th DCA 1996); Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla.1992); Hernandez v. Page, 580 So.2d 793, 794-95 (Fla. 3d DCA 1991).
GUNTHER, C.J., and WARNER, J., concur.
PARIENTE, J., concurs specially with opinion.
PARIENTE, Judge, concurring specially.
I concur in the reversal because the record shows no more than inadvertence or mistake rather than due diligence and good cause. As our rule is currently drafted, circumstances of attorney neglect would not constitute good cause. See Hernandez v. Page, 580 So.2d 793 (Fla. 3d DCA 1991). Yet I agree with the concerns that Judge Schwartz expressed in his special concurrence in Hernandez. Id. at 795.
I write further to address changes which have been made to the Federal Rules of Civil Procedure and to urge that similar changes be made to our rules. Florida Rule of Civil Procedure 1.070(i)[1] was patterned after Federal Rule of Procedure 4(j). See, e.g., Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla.1992); Hernandez. Because Florida's 120-day rule was adopted from the federal rule, most of our state court decisions interpreting Florida's rule have been based on federal decisions strictly interpreting the federal rule. See Morales; Hernandez.
With this in mind, it bears mentioning that rule 4(j) was amended and recodified in 1993 as rule 4(m) of the Federal Rules of Civil Procedure. This rule provides in pertinent part:
If service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.
*774 (Emphasis supplied.) The significant change under the amended rule is to grant the court broad discretion to extend the time for service even when the plaintiff has not shown good cause. See Espinoza v. United States, 52 F.3d 838, 840 (10th Cir.1995). The additional directive of the rule is to grant a mandatory extension to those plaintiffs who have demonstrated good cause for their failure to serve. See Espinoza; Petrucelli v. Bohringer & Ratzinger, GMBH, 46 F.3d 1298 (3d Cir.1995).
By allowing a trial court broad discretion to grant an extension to serve the summons even when good cause has not been demonstrated, rule 4(m) now truly fulfills its function as a case management tool, without the harsh effects of the old rule. I join with Judge Griffin in urging revision of rule 1.070(i) along the lines of rule 4(m). See Maher v. Best Western Inn, 667 So.2d 1024, 1025 (Fla. 5th DCA) (Griffin, J., dissenting), review dismissed, 676 So.2d 1368 (Fla.1996). Another alternative would be revisions along the lines set forth by Judge Altenbernd in Greco v. Pedersen, 583 So.2d 783, 785 (Fla. 2d DCA 1991), as discussed in my special concurrence in O'Leary v. MacDonald, 657 So.2d 81, 81-82 (Fla. 4th DCA 1995). With either change to the rule, a trial court would be vested with discretion to do that which the trial court in this case felt was appropriate.
NOTES
[1] Former rule 1.070(j) was redesignated as rule 1.070(i) in 1992.