979 So.2d 1129 (2008)
Dale Lee LENOIR, Appellant,
v.
John M. JONES, Employee of State of Florida, Appellee.
No. 1D06-6716.
District Court of Appeal of Florida, First District.
April 14, 2008.
Dale Lee Lenoir, pro se, Appellant.
No appearance for Appellee.
PER CURIAM.
Appellant, Dale Lee Lenoir, the plaintiff below, appeals the trial court's order of dismissal entered without notice. The trial court, sua sponte, dismissed the case because Appellant had not served Appellee, John M. Jones, within 120 days of filing the complaint. Appellant argues that the trial court erred in dismissing his claim without providing notice or the opportunity to show good cause for the failure to effectuate service of process. We agree, and, accordingly, we reverse and remand for further proceedings consistent with this opinion.
Florida Rule of Civil Procedure 1.070(j) provides, in pertinent part, as follows:
If service of the initial process . . . is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, *1130 shall direct that service be effected within a specified time or shall dismiss the action without prejudice . . . provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period.
(emphasis added). A plaintiff is entitled to both notice and the opportunity to show good cause why process has not been served prior to a trial court's sua sponte dismissal of his or her case. Connelly v. Crown Cruise Line, Inc. S.A., 636 So.2d 886, 887 (Fla. 4th DCA 1994); Alvarez v. U.S. Sec. Ins. Co., 650 So.2d 707, 707-708 (Fla. 3d DCA 1995). Because the trial court dismissed Appellant's complaint without providing him notice or an opportunity to show good cause, we REVERSE and REMAND with directions for the trial court to allow Appellant an opportunity to show good cause why service was not timely effectuated.
BROWNING, C.J., LEWIS, and HAWKES, JJ., concur.