PER CURIAM.
Jeremy Marquise Carter appeals the trial court’s sua sponte order dismissing his complaint against the appellees. Carter argues that he was not given notice and an opportunity to be heard prior to the complaint being dismissed and that the trial court erred in dismissing his complaint with prejudice. We agree.
On July 20, 2012, Carter filed a complaint against the appellees alleging a breach of contract and unjust enrichment based on written loan agreements executed by the appellees.
On October 5, 2012, the trial court entered an order dismissing the complaint as legally insufficient. The trial court then vacated this order, pursuant to a motion for reconsideration filed by Carter. Within the order granting reconsideration, the trial court ordered that “[Carter] shall serve all of the [appellees] within 120 days of the rendition of this order,” citing to Florida Rule of Civil Procedure 1.070(j).
Several of the appellees filed affidavits or letters with the court denying ever having entered into such a loan agreement or claiming that he or she was not the correct person sought to be served with the complaint.
On April 2, 2013, the trial court entered an order dismissing the complaint with prejudice for failure to serve. The trial court, sua sponte, reviewed the court file, and stated that:
Of the ten (10) named defendants, seven (7) have communicated to the Court that they are not the right party and have never heard of the Plaintiff and have no knowledge any [sic] of his allegations. The remaining three (3) named defendants have not responded. Accordingly, the Complaint is DISMISSED with prejudice.
Carter filed a motion for rehearing, which the trial court denied.
Carter appeals the trial court’s order dismissing his complaint. We agree that the trial court erred in dismissing Carter’s complaint without notice and an opportunity to be heard, and in dismissing the complaint with prejudice.
“The propriety of the trial court’s dismissal is a pure question of law as to which our standard of review is de novo. ” Todd v. Johnson, 965 So.2d 255, 257 (Fla. 1st DCA 2007) (quoting Sumner v. Gros, 958 So.2d 1038, 1039 (Fla. 1st DCA 2007)).
Florida Rule of Civil Procedure 1.070(j) states:
If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period.
Fla. R. Civ. P. 1.070(j). (emphasis added).
The trial court erred in dismissing Carter’s complaint without giving him notice or the opportunity to be heard. Rule 1.070(j) states that a trial court may act on its own initiative; however, the court may only act “on its own initiative after notice.” Likewise, the First District, in Lenoir v. Jones, held that “[a] plaintiff is entitled to both notice and the opportunity to show good cause why process has not been served prior to a trial court’s sua sponte dismissal of his or her case.” 979 So.2d 1129, 1130 (Fla. 1st DCA 2008) (citations omitted).
*986 We have also held that notice and an opportunity to be heard are necessary due process requirements before a court can dismiss a case, sua sponte, for failure to serve. See Connelly v. Crown Cruise Line, Inc. S.A., 636 So.2d 886, 887 (Fla. 4th DCA 1994). In Connelly, we stated:
Appellant correctly argues that the trial court had no authority to dismiss the instant case without giving him an opportunity to be heard and to present any evidence he might have regarding the reasons he did not serve the defendants within the required time frame. Based on Rule 1.070(i)[1] and fundamental requirements of due process, the trial court erred in dismissing Plaintiffs case without giving him an opportunity to show good cause why service was not made within the required time.
Id.; see also Fed. Home Loan Mortg., Corp. v. Lascio, 653 So.2d 1150 (Fla. 4th DCA 1995).
The trial court also erred in dismissing Carter’s complaint with prejudice. That action was not one of the options available to it under rule 1.070(j). See Fla. R. Civ. P. 1.070(j) (emphasis added) (“[T]he court ... shall dismiss the action without prejudice or drop that defendant.”); Miranda v. Young, 19 So.3d 1100, 1102 (Fla. 2d DCA 2009) (“We conclude in the case before us that the circuit court erred in dismissing [the plaintiffl’s complaint with prejudice. First, dismissal with prejudice was not one of the options available to the court under rule 1.070(j). The court could have directed that service be perfected within a certain amount of time, it could have dismissed the action without prejudice, or it could have dismissed the defendants who had not been served.”).
We therefore reverse the trial court’s order dismissing Carter’s complaint and remand the case for further proceedings consistent with this opinion.

Reversed and Remanded.

STEVENSON, CONNER and FORST, JJ., concur.

. In 1996, subdivision (i) of rule i.070 was redesignated as subdivision (j). Fla. R. Civ. P. 1.070 committee notes, 1996 amendment.