DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAFARI ALEX CARLOS,**
Appellant,

v.

**YOLIE CARLOS,**
Appellee.

No. 4D20-2236

[August 18, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; James W. McCann, Judge; L.T. Case No. 562020DR001292AXXXHC.

Jafari Alex Carlos, Port St. Lucie, pro se.

No appearance for appellee.

KUNTZ, J.

The husband appeals the circuit court's order dismissing his petition for dissolution of marriage. We reverse the court's dismissal and remand for further proceedings.

Fifty-five days after the husband filed his petition, the circuit court entered a sua sponte order requiring him to file documents showing service of process. The court required the documents to be filed by October 8, 2020—the 120th day after the husband filed his initial pleading. Because nothing appeared on the docket on October 12, 2020, the court dismissed the petition. The court's "order of dismissal" stated that the petition was dismissed "[d]ue to the parties' failure to comply with a previous court order."

We appreciate the difficult task of managing a crowded docket, but the rules of procedure do not yield to that task. Florida Rule of Civil Procedure 1.070(j) offers a remedy if service of process is not effectuated within 120 days after filing the initial pleading: "[T]he court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or

drop that defendant as a party . . . ." *Id.* But even the authorization to dismiss without prejudice has limits because "if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period." *Id.*

Here, the court issued the order fifty-five days after the initial pleading was filed. On day 122, the court dismissed the case without allowing the husband an opportunity to show "good cause or excusable neglect."

The rule requires more. *See Connelly v. Crown Cruise Line, Inc. S.A.,* 636 So. 2d 886, 887 (Fla. 4th DCA 1994). We reverse and remand for further proceedings to allow the husband an opportunity to show "good cause or excusable neglect" for the failure to serve the respondent within the time allowed.

*Reversed and Remanded.*

DAMOORGIAN, J., and FAHNESTOCK, FABIENNE E., Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***