# Third District Court of Appeal

## State of Florida

Opinion filed December 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1606
Lower Tribunal No. 24-5684-CA-01
_____

**Ocean Capital Funding, LLC,**
Appellant,

vs.

**Obsidian Financial Services, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Keith D. Silverstein, P.A., and Keith D. Silverstein, for appellant.

Inger M. Garcia (Loxahatchee), for appellee.

Before SCALES, C.J., and MILLER and LOBREE, JJ.

LOBREE, J.

Asserting a due process violation, Ocean Capital Funding, LLC

("OCF"), appeals the trial court's order dismissing without prejudice its complaint against Obsidian Financial Services, Inc. ("Obsidian") for failure to perfect service of process within 120 days of filing as required by Florida Rule of Civil Procedure 1.070(j). Because the dismissal order was entered without notice and an opportunity to be heard, we reverse and remand for further proceedings.

## BACKGROUND

OCF filed suit against Obsidian and its alleged principal and sole shareholder, Dianna S. Griffiths, on March 31, 2024. On May 1, 2024, the trial court issued an order placing OCF on notice that it must serve the defendants within the 120-day period for service required by rule 1.070(j). The order stated that failure to serve the defendants in compliance with rule 1.070(j) "will result in dismissal of unserved defendants, or dismissal of the action without prejudice on or after the 120th day from the date of filing this case without further Notice or Hearing." The order also instructed that OCF may file a motion to extend service if it is unable to serve the defendants by the 120-day deadline. A case management order issued on June 3, 2024, designating July 29, 2024, as the deadline for service of the complaint. On June 30, 2024, the trial court entered a second order to serve the defendants. The second order provided that: (1) the failure of OCF to serve the

2

defendants within the 120-day time of service required by rule 1.070(j) would result in dismissal of unserved defendants or dismissal of the action without prejudice; (2) if OCF is unable to serve the defendants within the 120-day deadline, it may file a motion to extend service containing specific detail showing good cause or excusable neglect for its failure to do so; and (3) no extension would be granted unless a timely and detailed motion to extend service is filed.

On July 29, 2024, the process server filed an affidavit of service for "Obsidian Financial Services, Inc., c/o Dianna S. Griffiths, as Registered Agent," stating that the summons and complaint were served on July 26, 2024, upon "closing agent," Vanessa Norman. The affidavit of service provided as follows:

> **Recipient Name/Address:** VANESSA NORMAN, COMPANY: 2351 WEST EAU GALLIE BOULEVARD #2, MELBOURNE FL 32935
>
> **Manner of Service:** Authorized, Jul 26, 2024, 10:40 am EDT
> . . . .
>
> **1) Unsuccessful Attempt:** Jul 25, 2024, 10:47 am EDT at COMPANY: 2351 WEST EAU GALLIE BOULEVARD #2, MELBOURNE, FL 32935
>
> The sign outside says "Hinor Financial Group" when I arrived a sign in the door says "UPS, FEDEX, and USPS please knock or put packages/mail in mail slot" I knocked on the door, and asked for Dianna; the young woman that answered the door stated she

3

was out of town and had no idea when she would be back, but said probably by next week when I pushed her for an answer.

**2) Successful Attempt:** Jul 26, 2024, 10:40 am EDT at COMPANY: 2351 WEST EAU GALUE BOULEVARD #2, MELBOURNE, FL 32935 received by VANESSA NORMAN. . . . Relationship: CLOSING AGENT

The same day, OCF moved for an enlargement of time to effect service of process on Griffiths. OCF supported its motion with the process server's affidavit of non-service, which detailed five unsuccessful attempts to serve Griffiths, one at the same West Eau Gallie Boulevard address for Obsidian, and four at a home address. Relevant here, OCF also stated in its motion for an enlargement of time to serve Griffiths that it effected service of process on Obsidian. Specifically, OCF stated that on July 26, 2026, it had effected "substitute service on the registered agent for defendant [Obsidian], after being told that [Dianna Griffiths] was out of town and . . . had no idea when she would be back, but . . . probably by next week when . . . pushed . . . for an answer."

Then, on August 12, 2024, the trial court sua sponte dismissed Obsidian without prejudice as a defendant "for lack of proper service." The trial court found that "service over a 'closing agent' is not proper under service statutes." Therefore, OCF had not perfected service on Obsidian

4

within 120 days of filing as required by rule 1.070(j).  As Obsidian was the remaining defendant,[1] the trial court dismissed the case without prejudice.

## STANDARD OF REVIEW

"We review a claim of deprivation of procedural due process de novo." Pena v. Rodriguez, 273 So. 3d 237, 240 (Fla. 3d DCA 2019).

## DISCUSSION

On appeal, OCF argues that it was denied due process because the trial court sua sponte dismissed its complaint under rule 1.070(j)[2] without

---

[1] Earlier, the trial court had denied OCF's motion for enlargement of time to serve Griffiths on August 1, 2024, finding that its five attempts to serve Griffiths over the last five days of the service period "did not constitute a good faith attempt to serve this Defendant in a timely manner in compliance with Rule 1.070."  That same day, the trial court dismissed Griffiths from the case without prejudice due to OCF's failure to serve her within 120 days of filing.

[2] Rule 1.070(j) states as follows:

> **(j) Summons; Time Limit.** If service of the initial process and initial pleading is not made on a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, must direct that service be effected within a specified time or must dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court must extend the time for service for an appropriate period.  When a motion for leave to amend with the attached proposed amended complaint is filed, the 120-day period for service of amended complaints on the new party or parties will begin on the entry of an order granting leave to amend. A dismissal under this subdivision will not be considered a voluntary dismissal or operate as an adjudication on the merits

notice and an opportunity to be heard as to the propriety of its service on Obsidian.  We agree.

"Florida Rule of Civil Procedure 1.070(j) requires service of process to be made on the defendant within 120 days of the filing of the initial pleading . . . ." Crown Asset Mgmt., LLC v. Bribiesca, 394 So. 3d 82, 84 (Fla. 3d DCA 2024).  If service is not made within that 120-day period and the plaintiff has not shown good cause or excusable neglect, rule 1.070(j) "provides the trial court with three options: '(1) direct that service be effected within a specified time; (2) dismiss the action without prejudice; or (3) drop that defendant as a party.'" Premier Cap., LLC v. Davalle, 994 So. 2d 360, 362 (Fla. 3d DCA 2008) (quoting Chaffin v. Jacobson, 793 So. 2d 102, 103–04 (Fla. 2d DCA 2001)).  "However, rule 1.070(j) does not provide for an 'automatic' dismissal, and while the trial court can dismiss 'on its own initiative,' it can do so only 'after notice or on motion.'" Albo v. Martell, 394 So. 3d 158, 162–63 (Fla. 3d DCA 2024); see also Carter v. Mendez, 139 So. 3d 984, 985 (Fla. 4th DCA 2014) ("The trial court erred in dismissing Carter's complaint without giving him notice or the opportunity to be heard.  Rule 1.070(j) states that a trial court may act on its own initiative; however, the court may only act 'on its

under rule 1.420(a)(1).

6

own initiative *after notice.*'"). A trial court's failure to provide a plaintiff notice as required by rule 1.070 and an opportunity to be heard constitutes a due process violation. Albo, 394 So. 3d at 163; Carter, 139 So. 3d at 986 ("We have also held that notice and an opportunity to be heard are necessary due process requirements before a court can dismiss a case, *sua sponte,* for failure to serve." (citing Connelly v. Crown, 636 So. 2d 886, 887 (Fla. 4th DCA 1994))).

Given the above principles, we conclude that OCF was entitled to notice of the trial court's intention to dismiss the case because service on Norman as a "closing agent" amounted to "lack of proper service" and the opportunity to be heard on the issue. Obsidian maintains that OCF did not suffer a due process violation because "the court warned [OCF] that the entire matter may be dismissed." It is true that the trial court's orders to serve the defendants stated that failure to serve the defendants within the 120-day time of service required by rule 1.070(j) would result in dismissal and further permitted the filing of a motion to extend service claiming good cause or excusable neglect. But OCF did not file a motion to extend the time to serve Obsidian, ostensibly because it believed it had affected timely service on Obsidian via substitute service on Norman. Indeed, the trial court dismissed Obsidian not because OCF failed to serve Obsidian *at all*, but because it

determined that service on a "closing agent" was *improper* service "under service statutes" (i.e., sections 48.081-.091, Florida Statutes (2024)), and therefore OCF had not perfected service on Obsidian within 120 days. The trial court's failure to provide OCF notice and an opportunity to be heard before dismissing its action on this ground contravened the notice requirement of rule 1.070(j) and constituted a due process violation. Accordingly, we reverse the trial court's order dismissing OCF's complaint against Obsidian and remand for further proceedings consistent with this opinion.

Reversed and remanded.